COMMONWEALTH *vs.* ORVILLE M. BRAILEY.

Hampshire. Sept. 26, 1882. — March 5, 1883. FIELD, COLBURN & HOLMES, JJ., absent.

An indictment under the Gen. Sts. c. 161, § 2, which prescribes a penalty for wilfully and maliciously burning in the night-time the manufactory of another, "being, with the property therein contained, of the value of one thousand dollars," alleged that the defendant, at a time and place named, in the night-time, "feloniously, wilfully and maliciously did burn a certain manufactory, used for the manufacture of fishpoles, the same being, with the property therein contained, of the value of one thousand dollars, of the property of one P." It appeared at the trial that the building burned was the property

of P., and was of the value of four hundred dollars; that the personal prop-
erty contained in the building belonged to one B., excepting property of a small
amount in value, which belonged to the defendant; and that the property be-
longing to B. was of the value of one thousand dollars. *Held,* that there was
not a fatal variance between the allegations and the proof.

At the trial of an indictment for arson, the defendant's son testified that, at the
fire or soon after, he asked the defendant, " What did you want to set this afire
for ? " and that the defendant made no reply. The judge instructed the jury
that, if the defendant did not hear the question, he was not bound to answer;
if he did, the jury would consider whether or not, under the circumstances, he
was bound to answer, and how far any inference was to be drawn against him
for not answering. *Held,* that the defendant had no ground of exception.

MORTON, C. J. The defendant is indicted under the Gen. Sts.
*c.* 161, § 2, which provides that " whoever wilfully and maliciously
burns in the night-time a meeting-house, church, court-house,
town-house, college, academy, jail, or other building erected
for public use, or a banking-house, warehouse, store, manufac-
tory, or mill, of another, (being, with the property therein con-
tained, of the value of one thousand dollars,) . . . . shall be
punished by imprisonment in the state prison for life." The
indictment charges that the defendant, on October 12, 1881, at
Amherst, in the night-time, " feloniously, wilfully and mali-
ciously did burn a certain manufactory, used for the manufac-
ture of fishpoles, the same being, with the property therein
contained, of the value of one thousand dollars, of the property
of one Charles O. Parmenter."

It appeared at the trial, that the building burned was the
property of said Parmenter, and was of the value of $400; that
the personal property contained in the building belonged to one
Bridgman, excepting property of the value of $40, which be-
longed to the defendant; and that the property belonging to
Bridgman was of the value of $1000. The principal question in
the case is whether there was a fatal variance between the alle-
gations and the proof.

The defendant contends that, by its true construction, the
indictment alleges not only that the building, but also that the
property contained in it, was the property of Parmenter. As-
suming this to be so, we are of opinion that the variance is not
fatal. The general rule is, that it is sufficient if the substance
of the issue is proved. In applying this rule, there is a distinc-
tion between allegations of matters of substance and allegations

of matters of essential description of the offence. Any allegation, which is descriptive of the identity of that which is legally essential to the offence charged in the indictment, must be proved as made. But where a particular fact is made part of an allegation, which is not essentially descriptive of the offence or material to the jurisdiction, a discrepancy between the allegation and proof as to this fact is not a material variance. 1 Greenl. Ev. §§ 56, 65. *Commonwealth* v. *Wellington*, 7 Allen, 299. *United States* v. *Howard*, 3 Sumner, 12.

The indictment before us charges the offence of burning a building, - described as the manufactory of Parmenter. It was necessary to allege and prove that the building, with the property contained in it, was of the value of one thousand dollars, in order to show that the offence was of the aggravated degree described in the second section of the statute. Perhaps it was necessary to allege that the property contained in the building was not the property of the defendant.

If so, the allegation that it was the property of Parmenter involves and includes an allegation that it was not the property of the defendant. But the particular allegation that it was the property of Parmenter is not material. It is of no consequence whether it belonged to Parmenter or Bridgman. The substance of the allegation of the indictment is proved by showing that the property contained in the building was of the value of one thousand dollars, being the property of some other person than the defendant. The particular allegation that it was the property of Parmenter is not a part of the essential description of the offence with which the defendant is charged. It does not affect the identity of the offence, but merely shows the grade of the offence. *Devoe* v. *Commonwealth*, 3 Met. 316, 327. To test this, suppose the defendant should be again indicted for burning this building, the indictment alleging that the property therein contained was the property of Bridgman. It is clear that this conviction would be a bar to the indictment. The offence consists in the burning of the building, correctly described in the indictment as the building of Parmenter. Having once been convicted, he could not be again put in jeopardy for the same burning. *Commonwealth* v. *Squire*, 1 Met. 258. We are therefore of opinion that the ruling of the Superior

Court upon this point, that the defendant might be convicted on the indictment as it stood, was correct.

In the course of the trial, the defendant objected to the testimony of his son, who stated that, at the fire or soon after, he asked the defendant, " What did you want to set this afire for? " and that the defendant made no reply.   The court admitted the evidence, instructing the jury that, if the defendant did not hear the question, he was not bound to answer; if he did, the jury would consider whether or not, under the circumstances, he was bound to answer, and how far any inference was to be drawn against him for not answering.   The bill of exceptions does not show any error in the ruling of the court.   Declarations made in the presence of a party,. to which he makes no reply, are sometimes competent, as equivalent to a tacit admission by him.   This depends on whether he heard and understood them, whether he is at liberty to reply, whether he is in custody or under any restraint or duress, and whether the statements are made by such persons, and under such circumstances, as naturally to call for a reply.   *Commonwealth* v. *Kenney*, 12 Met. 235.   *Commonwealth* v. *Harvey*, 1 Gray, 487.   *Commonwealth* v. *Galavan*, 9 Allen, 271.   In this case, the question was put by the son to the defendant when he was under no restraint or duress; and it was properly left to the jury to decide whether he heard it, and whether it was put to him under such circumstances that, according to human experience, he would naturally reply to it.                                    *Exceptions overruled.*

*C. Delano*, for the defendant.

*C. H. Barrows*, Assistant Attorney General, for the Commonwealth.