## FOREMAN *v.* STATE OF INDIANA.

[No. 25,014.   Filed June 26, 1929.]

*Malcolm V. Skinner, Urban Bonifas* and *Templer &
Benadum,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Frank L.
Greenwald,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—This prosecution was for a violation
of ch. 34 of the acts of 1923, Acts 1923 p. 108. The
charging part of the affidavit is as follows:

"George I. Goodrich, being duly sworn upon his oath
says that on or about the 15th day of February, 1925, at
and in the county of Blackford, State of Indiana, Fred
Foreman, did then and there unlawfully and feloniously
transport intoxicating liquor in a Ford sedan automo-
bile, engine No. 1777044, when said sedan automobile
was not owned by said Fred Foreman, and without the
consent of the owner of said Sedan automobile," etc.

In *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E.
674, in construing said act of 1923, the court says:
"All of the provisions in the body of said act relate to
and prohibit the transportation of intoxicating liquor
in vehicles. After prohibiting the transportation of such
liquor in *any* wagon, buggy, automobile, water or air
craft, or other vehicle, it then prohibits the transporting
of such liquor in any such vehicle without the consent
of the owner, or when it is mortgaged property, or in
which there are firearms or guns. These latter provi-
sions add nothing to the statute and make no change in
the degree of the crime nor measure of punishment.
They may be treated as surplusage, for the crime first
defined must be charged and proven, to make one guilty
of any of the latter provisions."

The statement in the affidavit giving the number of

the engine of the Ford sedan was not descriptive of the offense and not material to the jurisdiction, and may be treated as surplusage. The same may be said of the statements concerning the ownership of the vehicle and the consent of the owner.

The only assignment of error relied upon by the defendant for reversal is that the court erred in overruling appellant's motion for a new trial. The only specification in said motion for a new trial which is presented to this court is that the verdict is not sustained by sufficient evidence and therefore is contrary to law. Appellant's exact claim is that the verdict is not sustained by sufficient evidence because there was a variance in the proof of the description of the vehicle in that no proof was made of the number of the engine of the Ford sedan. The number of the engine of the Ford sedan is stated in the affidavit and that the said sedan was not owned by said Fred Foreman, and that it was used without the consent of the owner. There was evidence tending to show that the Ford sedan did not belong to said Foreman and also that said sedan belonged to Harry LaFever. The gist of the offense is the transportation of intoxicating liquor in a vehicle. The number of the engine is of no material importance and does not aid in the description of the offense, and is not material to the jurisdiction. Neither does the fact that no proof was made concerning the consent of the owner materially affect the charge made in this affidavit, and is not material to the jurisdiction.

The general rule is that it is sufficient if the substance of the issue is proved. The issue in this case is the unlawful transportation of intoxicating liquor in a vehicle. In applying this rule there is a distinction between allegations of matters of substance and allegations of matters of essential description of the offense. Any allegation which is descriptive of the iden-

tity of that which is legally essential to the offense charged in the indictment must be proved as made. But where a particular fact is made part of an allegation, which is not essentially descriptive of the offense nor material to the jurisdiction, a discrepancy between the allegation and proof as to this fact is not a material variance. 1 Greenleaf, Evidence (Lewis's ed.) §§56, 65; *United States* v. *Howard* (1837), 3 Sumner 12; *Commonwealth* v. *Brailey* (1883), 134 Mass. 527.

The facts in this case show that the appellant was at the time and place alleged in the affidavit operating a Ford sedan; that he was drunk at that time and that he was arrested for operating a motor vehicle while in an intoxicated condition. The vehicle and its owner and contents were towed to a garage, and if any search was made of the vehicle it was after the lawful arrest had been made of appellant. It does not appear that any search was made. It appears from the evidence that the liquor in the vehicle was in plain open sight on the back seat of the vehicle, and there is nothing in the evidence to indicate that the appellant's constitutional rights were invaded in any way.

It is not contended that any material fact necessary to sustain this verdict is without proof. The only contention is that no proof was made of the number of the engine in the Ford sedan, and that no proof was made that the use of the vehicle was without the consent of the owner. It was not necessary to make any such proof.

No question is raised on the giving or refusing of instructions as the instructions have not been brought into the record by a bill of exceptions. *Goodman* v. *State* (1919), 188 Ind. 70, 121 N. E. 826.

The verdict is sustained by sufficient evidence and is not contrary to law. *Harito* v. *State* (1923), 193 Ind. 517, 141 N. E. 57.

Judgment affirmed.