SHEETS *v*. STATE OF INDIANA

[No. 27,422.   Filed December 9, 1940.]

*Paul E. Reed* and *William J. Reed,* both of Knox, for appellant.

*Samuel D. Jackson,* Attorney General, and *George B. Davis,* Deputy Attorney General, for the State.

SHAKE, J.—The appellant was indicted, tried by a jury, and convicted of the crime of embezzlement. He has appealed, assigning error on the overruling of his motion to quash and his motion for a new trial. Omitting formal parts, the indictment reads as follows:

". . . that one Floyd Sheets, late of said county, on the 8th day of December, 1938 did then and there purchase of Brady Brothers twenty-one Montana horses on a conditional sales contract in which contract the legal title to said horses was retained by said Brady Brothers. That thereafter, the said Floyd Sheets received the consent of said Brady Brothers to sell said horses before the payment of said note was made upon the condition that all money received from said Floyd Sheets from the sale of any of said horses would be and constitute the property of said Brady Brothers and that said Brady Brothers would immediately be entitled to the possession of such money so received by the said Floyd Sheets. That thereafter in said county and state aforesaid, the said Floyd Sheets did then and there on the 9th day of March, 1939, sell to one, James C. Calhoun one bag (sic) colored Montana horse, which said horse was one of the horses purchased by said Floyd Sheets from said Brady Brothers under said conditional sales contract, and the said Floyd Sheets

did then and there receive from said James C. Calhoun One Hundred Twenty-Five ($125.00) Dollars, which money was then and there the property of Brady Brothers and the possession of which money the said Brady Brothers were then and there lawfully entitled. That the said Floyd Sheets then and there acting as the agent and servant of Brady Brothers for the purpose of delivering said money so received to said Brady Brothers did then and there feloniously and fraudulently take, purloin, secrete, and appropriate to his own use the money aforesaid . . . ."

It is contended that the facts stated in the indictment do not constitute a public offense for two reasons: (1) The absence of a necessary allegation, to-wit: that the appellant received the money which he is alleged to have embezzled by virtue of his being the agent and servant of Brady Brothers, and (2) it affirmatively appears from the indictment that the appellant occupied the relationship of conditional vendee, rather than that of agent or servant of Brady Brothers.

With respect to the first alleged defect in the indictment, it is urged that the clause, "the said Floyd Sheets then and there acting as the agent and servant of Brady Brothers for the purpose of delivering said money so received to said Brady Brothers," does not positively charge that the appellant was the agent and servant of Brady Brothers and that the money alleged to have been embezzled came into his hands by virtue of such agency or employment. "It is fundamental that, in embezzlements, the *taking* and *receiving* part of the charge must be connected and coupled with the statement that such *taking* and *receiving* was by virtue of the office, or the agency, or the employment." *Hinshaw* v. *State* (1919), 188 Ind. 147, 156, 122 N. E. 418, 421. In consequence of this rule, it has been held that it is not sufficient to merely charge

that at the time of the alleged appropriation the defendant was the officer, agent, or servant of the owner of the funds, or that the defendant obtained possession of such funds as such officer, agent, or servant, but it must be made to appear that the accused had or obtained possession of the thing appropriated by virtue of such employment. *State* v. *Winstandley* (1900), 155 Ind. 290, 58 N. E. 71; *Vinnedge* v. *State* (1906), 167 Ind. 415, 79 N. E. 353; *Wright* v. *State* (1907), 168 Ind. 643, 81 N. E. 660. We do not mean to suggest that it is necessary to employ the specific words "by virtue of" such employment to constitute a good charge of embezzlement, but we do understand the cases to hold that that ultimate fact must be charged by some appropriate language. *Frost* v. *State* (1912), 178 Ind. 305, 99 N. E. 419; *Green* v. *State* (1933), 204 Ind. 349, 184 N. E. 183, 87 A. L. R. 1251. While the participial form of averment is not to be commended, it is not now regarded as fatal to preface allegations of fact with such words as "being," "having," "knowing," or "acting as." *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819. By applying the rules laid down in the cases cited, we come to the conclusion that while the indictment before us is not a model of precision, it sufficiently charges that the appellant received and appropriated the money allegedly embezzled, by virtue of the fact that he was at the time the agent and servant of Brady Brothers.

It is apparent from the reading of the indictment that it contains much that is not essential to the charging of the crime of embezzlement, but an indictment will not be held bad merely because it contains surplusage or repugnant allegations. § 9-1127, Burns' 1933, § 2206, Baldwin's 1934. If, however, the surplusage consists of matter which, if true,

would constitute a legal justification of the offense charged, or other legal bar to the prosecution, the charge may be quashed. *Trout* v. *State* (1887), 111 Ind. 499, 12 N. E. 1005. The appellant claims that the charge against him is within the rule last stated, relying upon the proposition that the relationship shown to exist between Brady Brothers and himself was that of conditional vendors and vendee—in other words, that the indictment shows on its face that he was neither the servant nor the agent of Brady Brothers. The Attorney General concedes that the relationship created by the conditional sale contract was originally one of conditional vendors and vendee, but contends that when Brady Brothers authorized the appellant to sell the horses on the condition that he pay over the proceeds to them, the appellant thereby became their agent; and that when appellant received the money from the sale of one of the horses, the agency was put to an end and the appellant became the servant of Brady Brothers for the purpose of delivering the proceeds of such sale to them. To sustain its theory, the state relies upon *Kingan & Company, Limited* v. *Silvers* (1895), 13 Ind. App. 80, 37 N. E. 413, but we do not deem the case particularly helpful. In so far as the situation with which we are here dealing is concerned, that case merely undertakes to draw the distinction between an agent and a servant, by pointing out that an agent is one who deals with third parties on behalf of his principal, while a servant ordinarily performs manual or mechanical acts for his master.

The clearest expression upon the precise question here presented that has come to our notice is found in *Dempsey* v. *State* (1894), 94 Ga. 766, 770, 22 S. E. 57, 58. In that case the court said:

"In order to render penal the sale or encumbrance by the vendee of property held by him under a conditional purchase, such sale or encumbrance must be made without the consent or approval of the vendor. If the latter gives to the former a conditional permission to sell or encumber the property, a sale or encumbrance made by virtue of this permission would not be criminal, even though the condition attached to such permission should be violated or not complied with. There must be an absence of all permission. Criminal laws must be strictly construed, and we are therefore constrained to hold that even a conditional assent on the part of the vendor—it being at least some permission—will prevent the sale from being rendered criminal by a non-compliance with the condition upon which such assent was granted. A subsequent violation of the condition is only a breach of contract, and will not relate back so as to make the original qualified permission an absolute nullity."

We are in accord with the views expressed by the Supreme Court of Georgia, and the facts stated in the indictment bring our case clearly within the rule stated. Since the relationship between the appellant and Brady Brothers was that of debtor and creditors, it must follow that the appellant could not be guilty of embezzlement.

The judgment is reversed, with directions to sustain appellant's motion to quash the indictment and for further proceedings.

NOTE.—Reported in 30 N. E. (2d) 309.