## TODD *v.* STATE OF INDIANA.

[No. 29,128. Filed November 5, 1954.]

*James D. Lopp,* and *John D. Clouse,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* and *Richard M. Givan,* Deputy Attorneys General, for appellee.

EMMERT, J.—This is an appeal from a judgment on a verdict finding appellant guilty of keeping a gaming house as charged in an affidavit, for which he was fined in the sum of $500.00 and sentenced to the Indiana State Farm for a term of ninety (90) days. The error assigned here is the overruling of appellant's motion for a new trial.

No objection was made to any of the nine written instructions given by the court on its own motion. Appellant requested the court to give to the jury twenty-nine (29) instructions, of which the court gave instructions 2, 3, 8, 10, 16, 18, 22 and 27. Appellant's brief in the section on argument does not question the refusal of the court to give certain of his requested instructions, and as to these no error is presented here. Rule 2-17. The jury was fully and completely instructed on the issues to be tried, and there was no error in refusing other of appellant's requested instructions which were substantially cov-

ered by other instructions given the jury. *Peltz* v. *State* (1953), 232 Ind. 518, 112 N. E. 2d 853; *Mandich* v. *State* (1946), 224 Ind. 209, 215, 66 N. E. 2d 69; *Kempa* v. *State* (1945), 223 Ind. 120, 123, 58 N. E. 2d 934. It is not necessary to discuss other instructions which were refused, but it is sufficient to note they were inaccurate, did not state the law, or were otherwise improper.

There is no merit in appellant's contention the verdict of the jury was not sustained by sufficient evidence and was contrary to law. Since the judgment must be reversed for other error, we do not deem it necessary to recite the evidence, and in our opinion there was ample evidence upon which to sustain the verdict of guilty.

The serious issue presented by this appeal concerns the testimony of Rex Dendinger, a member of the State Police force, who, over proper objection, was permitted to testify as to what he saw just before a deputy sheriff, having a search warrant, came into the gaming room.

Before the trial the circuit court quashed a search warrant for the premises, and it ordered "that any evidence of any nature secured by any person by virtue of said search under the pretended authority of said search warrant be suppressed and not be used against the defendant, Shirley Todd." The State does not contest the validity of this order, and it must be assumed by us that the search by virtue of the warrant was illegal and in violation of appellant's constitutional rights. When a search is illegal, oral evidence of what was found or seen is incompetent against the accused. *Dalton* v. *State* (1952), 230 Ind. 626, 105 N. E. (2d) 509; *Boyd* v. *United States* (1885), 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; *Weeks* v. *United*

*States* (1913), 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B 834, Ann. Cas. 1915C 1177; *Silverthorne Lumber Co.* v. *United States* (1919), 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319; *Flum* v. *State* (1923), 193 Ind. 585, 590, 141 N. E. 353.

The search warrant was directed "TO ANY CONSTABLE, POLICE OFFICER, SHERIFF OR CONSERVATOR OF THE PEACE," and was delivered to the Sheriff of Vanderburgh County for execution. The night of the search State Police Officer Dendinger talked to Sheriff McDonald in the Court House about 9:15 P.M. The sheriff asked Dendinger to go to Todd's Snack Bar, the premises to be searched, and participate in the raid. Arrangements were made to conduct the raid at 10:00 P.M., and Dendinger's "assigned duties" were "to assist in the raid, to mark and seize any contraband present, to seize any witness and to keep anybody from escaping that might try to escape." Dendinger stated that he waited for the police car to arrive, and a deputy sheriff walked in a second or two ahead of him, and then another deputy came in who read the warrant. Under this testimony it cannot be doubted that Officer Dendinger was requested to and did participate in the search conducted under and by virtue of an illegal search warrant. He entered the premises under the command and by the direction of said warrant and not otherwise. It accounted for his presence there. He was acting jointly with the sheriff's deputies under the authority of said search warrant, and the fact that he saw and observed the room, its occupants and contents a few minutes before the search warrant was actually read by a deputy sheriff in the party conducting the search would not make his testimony admissible. See *Byars* v. *United States* (1927), 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520.

Since other questions presented may not arise upon a new trial, it is not necessary to decide them now.

Judgment reversed, with instructions to grant appellant's motion for a new trial.

Flanagan, C. J., Gilkison, Bobbitt and Draper, JJ., concur.

NOTE.—Reported in 122 N. E. 2d 343.