## PATTON *v.* STATE OF INDIANA.

[No. 867S67. Filed October 23, 1969. Rehearing denied January 26, 1970.]

Richard L. Wilder, James F. Thompson, Bloomington, for appellant.

John J. Dillon, Attorney General, Michael V. Gooch, Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged in the Monroe Superior Court with the crimes of inflicting physical injury in the perpetration of a robbery, armed robbery and conspiracy to commit a felony. Trial by jury resulted in a verdict of guilty of the charge of inflicting an injury in the perpetration of a robbery. Appellant was sentenced to the Indiana State Prison for life. The sole assignment of error is the overruling of appellant's motion for new trial. The motion for new trial reads as follows:

"Comes now the defendant in the above-entitled cause and moves the Court for a new trial thereof upon the following grounds, and for the following reasons:

"(1) Error of law occurring at the trial, in this, that the Court overruled the defendant's motion for a directed ver-

dict at the conclusion of the presentation of the State's evidence, which said oral motion was predicated on the following propositions:

"(a) That the State has failed to prove that physical injury was inflicted upon complainant, Velma Mood, with a 'bludgeon' in that under the statute a battery acid jar, as described in the evidence taken in this case, would not be considered as a 'bludgeon'; that said statute refers to the use of dirk, firearm, gun, stiletto, bludgeon, billy club, blackjack, and that a battery acid jar, under the doctrine of ejusdem generis would not fit in this legal categorization;

"(b) That the State has failed to prove that the money was taken from the person of the complainant, Velma Mood.

"(2) Error of law occurring at the trial in this, that the Court erred in giving State's tendered instruction number ten (10), over the defendant's objection, which instruction and objection read as follows:

" 'You are hereby instructed that a glass jar may be considered a bludgeon as that term is used in Burns' Indiana Statutes 10-4101'.

" 'Defendant now objects to the State's tendered instruction number ten which the Court indicates will be given as modified and for grounds to the objection would argue, number one, that a glass jar cannot be considered as a dangerous weapon or a bludgeon in and of itself and that the term glass jar is not one which would be includable under the doctrine of ejusdem generis in the class of weapons set out in Burns 10-4101, and that the giving of such an instruction is prejudicial to the defendant and that the instruction assume facts which are not in evidence in this case in that the evidence has shown that the glass jar was of cylindrical nature without any neck and that it was not therefore susceptible to being used as a weapon as such; and for the further reason that a glass jar of the nature of the one described in evidence in this case could not be considered as a bludgeon as the word is defined in the law dictionary, Black's law dictionary.'

"(3) Error of law occurring at the trial, in this, to-wit: that the Court erred in refusing to give defendant's tendered instruction number eight (8), which instruction reads as follows:

" 'So long as you have a reasonable doubt as to the guilt of the defendant of any of the offenses charged in the

affidavit herein, you cannot convict the defendant of such offense or offenses of which you have a reasonable doubt; and if, you find the defendant guilty, and have a reasonable doubt of which of the offenses charged he is guilty, you should find him guilty only of that offense of which you have no reasonable doubt of his guilt'.

"(4) That the verdict of the jury is contrary to law.

"(5) That the verdict of the jury is not sustained by sufficient evidence.

"WHEREFORE, the defendant prays the Court for a new trial of said cause."

The facts most favorable to the State disclose that on the 30th day of November, 1966, Mrs. Velma Mood who, with her husband, owned a grocery store in Kirksville, Indiana, was working in the grocery store in the early morning when two youths, one of whom was identified as the appellant in this case, entered the store. For the next two or three hours these youths made several trips in and out of the store. The appellant, Robert Patton, was known to Mrs. Mood.

At approximately five minutes to eleven that morning a Mrs. Dorothy Teague entered the store and saw the appellant and his companion in the store. As she was making a purchase she asked Mrs. Mood if she was afraid, to which Mrs. Mood nodded her head in the affirmative. Mrs. Teague then left the store but returned at about ten minutes after eleven. As she entered the store she observed that a bottle had been broken and was lying on the floor. Mrs. Mood's hair was wet from a liquid that was running down on her body, and she was bleeding from cuts behind her ear and on her arms.

Shortly before entering the store for the second time Mrs. Teague had observed the appellant and his companion pass her house on a motorcycle.

Mrs. Mood herself testified that at about 11:00 o'clock the appellant had come around the counter in the store with a butcher knife in his hand and had said: "Velma, I want

your money. Get a paper sack and put the money, change and all in it."

The appellant then pulled the telephone cord from the wall and told Mrs. Mood to get in the back room. However, after placing the money in the sack Mrs. Mood ran to the front of the store. The appellant grabbed a bottle of radiator cleaner and hit her over the head with it. It was this fluid which Mrs. Teague had observed in Mrs. Mood's hair and running down on her body.

The appellant overtook Mrs. Mood at the door where a scuffle ensued, during which Mrs. Mood was cut with a butcher knife the appellant was holding.

Appellant and his companion then ran from the store and left on a motorcycle. The amount of money obtained by the appellant and his companion from Mrs. Mood was between $100 and $150.

We find no merit to appellant's first claimed error in his motion for new trial that the bottle with which Mrs. Mood was hit was not a bludgeon within the meaning of the statute. In the case of *Short v. State* (1954), 234 Ind. 17, 122 N. E. 2d 82, this Court, speaking through Judge Gilkison, held that an affidavit alleging injury by a soft drink bottle was sufficient to come within the definition of the word "bludgeon" used in the statute. The statute reads as follows:

> "Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten [10] years nor more than twenty-five [25] years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stiletto, bludgeon, billy, club, blackjack, or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, shall, upon convic-

tion, be imprisoned in the state prison for life. [Acts 1941, ch. 148, § 6, p. 447.]" Burns' Ind. Stat. Ann. § 10-4101.

Judge Emmert wrote a dissenting opinion in which he disagreed with Judge Gilkinson in that case stating that in his opinion the bare statement that a soft drink bottle was used without the allegation that it was used as a bludgeon was not sufficient.

In the case at bar it will be noted that the State charged the appellant with having used a bludgeon, the charge upon which he was convicted, reading as follows:

"Larry Ikerd being duly sworn, on his oath says that Robert E. Patton on the 30th day of November, 1966, at and in said County and State aforesaid did then and there unlawfully, feloniously, forcibly by violence and putting Velma Mood in fear, take from the person and possession of said Velma Mood United States Currency then and there of a value of $54.05 dollars in lawful money, which said money the said Velma Mood then and there lawfully held in her possession and was then and there the property of Velma Mood, while engaged in committing the robbery as aforesaid, did then and there unlawfully and feloniously inflict physical injury, to-wit: a wound in and upon the head of the said Velma Mood with a bludgeon, then and there held in the hand of the said Robert E. Patton, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana (Burns' Indiana Statutes 10-4101)."

The proof submitted by the State upon trial as above set out was sufficient upon which the jury could find that the bludgeon used by the appellant as alleged in the charge was a bottle of radiator acid, and that the appellant so using the bottle as a bludgeon did, in fact, strike and injure Mrs. Mood. Such a finding by the jury was not only in keeping with the majority opinion in the *Short* case, but we submit would also overcome the objection made by the dissenting opinion in that case.

From a reading of the statute there can be no doubt but that the legislative intent was to cover all situations in which a person in the act of perpetrating a robbery used an object as a weapon to strike and inflict injury upon the intended victim. No matter what the nature of the object might be, the perpetrator of the offense cannot be heard to say after injury has been so inflicted that the object which he used was not really a bludgeon. It is not the originally intended use of the object or its shape with which we are concerned, but the fact that it was picked up by the hand of the perpetrator and did, in fact, inflict physical injury upon the victim. When this occurs, we hold that a bludgeon has been used.

The appellant next claims that the State failed to prove that money was taken from the person of the complanant, Velma Mood. The testimony was that she removed the money from the cash drawer in the store and placed it in a paper sack for the appellant. This Court has held many times that the taking of money from a cash drawer or other depository in a place of business is tantamount to the taking from the person of the one in charge of the place of business. *Finton v. State* (1963), 244 Ind. 396, 2 Ind. Dec. 214, 193 N. E. 2d 134.

Appellant next alleges error in the giving of State's Tendered Instruction No. 10, which instruction is set out in his motion for new trial above quoted, together with the defendant's objection thereto.

The Court also gave the Defendant's Instruction No. 9, which was a verbatim reading of Burns' § 10-4101 the section under which appellant was charged. In submitting both of these instructions to the jury the trial court was not, as claimed by appellant, assuming facts not in evidence, but was merely correctly instructing the jury concerning the law in Indiana. Instruction 10 does not tell the jury that every glass jar is a bludgeon, but states that

it may be a bludgeon as that term is used in the statute. Here the jury was instructed that a glass jar may become a bludgeon when in the hands of an assailant it ". . . inflicts any wound or other physical injury upon any person . . ."

These instructions when taken in their entirety could not possibly have misled the jury in the face of the evidence in this case.

We find no error in the giving of Instruction 10.

Appellant next claims that the court erred in refusing to give Defendant's Instruction No. 8, which instruction reads as follows:

> "So long as you have a reasonable doubt as to the guilt of the defendant of any of the offenses charged in the affidavits herein, you cannot convict the defendant of such offense or offenses of which you have a reasonable doubt; and if, you find the defendant guilty, and have a reasonable doubt of which of the offenses charged he is guilty, you should find him guilty only of that offense of which you have no reasonable doubt of his guilt."

An examination of those instructions given by the court clearly indicates that the subject of reasonable doubt was completely covered and, therefore, there was no error in refusing appellant's Instruction No. 8.

The court did give appellant's Instruction No. 7 which reads as follows:

> "If after considering all the evidence as a whole, you are convinced of the defendant's guilt beyond a reasonable doubt and you have a reasonable doubt as to which offense the defendant is guilty of, if any, you should convict him of lower offense only, and as to such offense of which you have no reasonable doubt."

The court's Instructions Nos. 2, 6 and 7 and State's Instruction No. 2 were all given by the court and very thoroughly covered the doctrine of reasonable doubt.

We find no error in refusing to give tendered Instruction No. 8 in that it was substantially covered by the other instructions. *Todd v. State* (1954), 233 Ind. 594, 122 N. E. 2d 343; *Hedrick v. State* (1951), 229 Ind. 381, 98 N. E. 2d 906.

For the foregoing reasons we find no merit in the last two grounds assigned in the motion for new trial, that the verdict of the jury is contrary to law or that the verdict of the jury is not sustained by sufficient evidence. When applying the verdict to the facts as above set out, we find nothing contrary to law. We find that there was sufficient evidence upon which the jury could reasonably have found the defendant guilty of the charge of inflicting injury in the perpetrating of a robbery.

The trial court is, therefore, in all things affirmed.

Arterburn and Hunter, JJ., concur; Jackson, J., dissents with opinion in which DeBruler, C. J., concurs.

### DISSENTING OPINION.

JACKSON, J.—Appellant, on December 1, 1966, was charged by affidavit in two counts, bearing cause No. S66-S60 in the Monroe Superior Court, with the crimes of Robbery and Armed Robbery, such affidavit in pertinent part reads as follows, to-wit:

### "COUNT II

Larry Ikerd being duly sworn, on his oath says that Robert E. Patton on the 30th day of November, 1966, at and in said County and State aforesaid did then and there unlawfully, feloniously, forcibly by violence and putting Velma Mood in fear, take from the person and possession of said Velma Mood, United States currency then and there of a value of $54.05 dollars in lawful money, which said money the said Velma Mood then and there lawfully held in her possession and was then and there the property of Velma Mood, while engaged in committing the robbery as aforesaid, did then and there unlawfully and feloniously

inflict physical injury, to-wit: a wound in and upon the head of the said Velma Mood with a bludgeon, then and there held in the hand of the said Robert E. Patton, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana (Burns' Indiana Statutes 10-4101).

### "COUNT II

Larry Ikerd being duly sworn, on his oath says that Robert E. Patton on the 30th day of November, 1966, at and in said County and State aforesaid did then and there when over the age of sixteen years, to-wit: 20 years of age and armed with a deadly weapon, to-wit a butcher knife, unlawfully, feloniously and forcibly and by violence and putting the said Velma Mood in fear, rob, take and steal from the person of the said Velma Mood, United States currency, then and there of a value of $54.05 dollars in lawful money, then and there belonging to the said Velma Mood, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

On the same date, there was filed in the same court, another affidavit bearing cause No. S66-S62 charging appellant and another with Conspiracy to commit a Felony. Such affidavit in pertinent part reads as follows, to-wit:

"Larry Ikerd being duly sworn, on his oath says that Robert E. Patton and Robert V. Arthur on the 30th day of November, 1966, at and in said County and State aforesaid did then and there unlawfully, knowingly, and feloniously unite, combine, conspire, confederate and agree to and with each other for the object and purpose and with the unlawful and feloniously (sic) intent then and there unlawfully, feloniously and forcibly and by violence and putting the said Velma Mood in fear, rob, take and steal from the person of the said Velma Mood, United States currency then and there of a value of $54.05 dollars in lawful money, then and there belonging to the said Velma Mood, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

There appears some confusion in the record on which we comment, merely for purposes of clarification. The arrest war-

rant issued in cause No. S66-S60 indicates these charges were grouped and considered as three counts, the same appears at page 4(a) of the transcript and orders appellant brought instanter into the charging court to answer on a charge of "I Robbery, II Armed Robbery, III Conspiracy to Commit a Felony." At the initial arraignment date (continued until appellant had an opportunity to consult with his newly appointed pauper counsel)

"The Court now sets bail in this cause at $10,000; bail set at $10,000 in Cause Number S66-S61; and bail set at $2,000 in Cause Number S66-S62."

Thereafter, on December 9, 1966, first appointed pauper counsel in causes No. S66-S60 and S66-S62 withdrew and other pauper counsel was appointed.

Thereafter, on January 11, 1967, the State, appellant in person and by counsel all appeared and defendant-appellant waived arraignment and entered a plea of not guilty as to all counts of the affidavit.

Thereafter, on April 10, 1967, this cause was submitted to a jury and on April 12, 1967, the jury returned the following verdict, to-wit:

"We, the Jury, find the defendant, Robert E. Patton, guilty of the crime of robbery-physical injury inflicted in robbery or attempt as charged in the affidavit herein and we fix his age at 20 years.

Gordon S. Hillenberg
Foreman

"We, the Jury do further recommend that this Court show leniency to the defendant, Robert E. Patton.

Gordon S. Hillenberg
Foreman"

April 13, 1967, the following proceedings were had in said cause:

"State appears by Prosecuting Attorney; defendant appears in person and by his counsel, Richard L. Wilder, and now the Court enters judgment on the verdict that the defendant Robert E. Patton is guilty of the crime of robbery-physical injury inflicted in robbery or attempt as charged in the affidavit.

And the Jury after having deliberated on the charge contained in Count II herein and having rendered no verdict on said charge, the Court now enters judgment of not guilty of the offense of armed robbery and the defendant is now released and discharged as to Count II of the affidavit herein;

And this matter is now referred to the Monroe County Probation Department for presentence investigation returnable April 21, 1967, at 1:00 o'clock P.M. and sentencing is now set for that date."

On April 21, 1967, after having examined the pre-sentence investigation report the court sentenced appellant "to the Superintendent of the Indiana State Prison for life," and denied appellant's request for suspension of some portion of the sentence.

On April 26, 1967, appellant filed his Motion for a New Trial, such motion in pertinent part reads as follows, to-wit:

"Comes now the defendant in the above entitled cause and moves the Court for a new trial thereof upon the following grounds, and for the following reasons:

(1) Error of law occurring at the trial, in this, that the Court overruled the defendant's motion for a directed verdict at the conclusion of the presentation of the State's evidence, which said oral motion was predicated on the following propositions:

(a) That the State has failed to prove that physical injury was inflicted upon complainant, Velma Mood, with a 'bludgeon' in that under the statute a battery acid jar, as described in the evidence taken in this case, would not be considered as a 'bludgeon'; that said statute refers to the use of a dirk, firearm, gun, stiletto, bludgeon, billy club, blackjack, and that a battery acid jar, under the doc-

trine of ejusdem generis would not fit in this legal categorization;

(b) That the State has failed to prove that the money was taken from the person of the complainant, Velma Mood.

(2) Error of law occurring at the trial in this, that the Court erred in giving State's tendered instruction number ten (10), over the defendant's objection, which instruction and objection read as follows:

'You are hereby instructed that a glass jar may be considered a bludgeon as that term is used in Burns' Indiana Statutes 10-4101.'

Defendant now objects to the State's tendered instruction number ten which the Court indicates will be given as modified and for grounds to the objection would argue, number one, that a glass jar cannot be considered as a dangerous weapon or a bludgeon in and of itself and that the term glass jar is not one which would be includable under the doctrine of ejusdem generis in the class of weapons set out in Burns' 10-4101, and that the giving of such an instruction is prejudicial to the defendant and that the instruction assumes facts which are not in evidence in this case in that the evidence has shown that the glass jar was of cylindrical nature without any neck and that it was not therefore susceptible to being used as a weapon as such; and for the further reason that a glass jar of the nature of the one described in evidence in this case could not be considered as a bludgeon as the word is defined in the law dictionary, Black's law dictionary.

(3) Error of law occurring at the trial, in this, to-wit: that the Court erred in refusing to give defendant's tendered instruction number eight (8), which instruction reads as follows:

'So long as you have a reasonable doubt as to the guilt of the defendant of any of the offenses charged in the affidavit herein, you cannot convict the defendant of such offense or offenses of which you have a reasonable doubt; and if, you find the defendant guilty, and have a reasonable doubt of which of the offenses charged he is guilty, you should find him guilty only of that offense of which you have no reasonable doubt of his guilt.'

(4) That the verdict of the jury is contrary to law.

(5) That the verdict of the jury is not sustained by sufficient evidence.

WHEREFORE, the defendant prays the Court for a new trial of said cause."

To appellant's Motion for a New Trial the State filed a Memorandum in Opposition, the same in pertinent part reads as follows, to-wit:

"COMES NOW the State of Indiana by its Prosecuting Attorney and by way of memorandum in opposition to the motion for a new trial states as follows, to-wit:

1. As to the allegations in defendant's motion paragraph one (1), section a, State cites *Short v. The State*, 122 N. E. 2d 82, in which the Court held a soft drink bottle may be used in the capacity of a bludgeon, billy club or black-jack, and if so used in a robbery it would be ejusdem generis with these weapons.

2. As to Defendant's allegations found in Paragraph One (1), sub-section d, by direct evidence the State proved that Fifty-four Dollars and Five Cents ($54.05) was taken from Thelma (sic) Mood evidence also established that the defendant, Robert Patton, forcibly took this currency from the said Thelma (sic) Mood therefore, the State of Indiana respectfully requests the Court to deny said motion for a new trial."

Thereafter, on May 19, 1967, the court, after argument thereon overruled the defendant's motion for a new trial.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that motion for a new trial be and hereby is overruled."

Appellant's Assignment of Errors is the single specification:

"(1) The Court erred in overruling Appellant's Motion for a New Trial."

The statute, for the violation of which appellant was sentenced, is as follows:

"10-4104. Robbery—Physical injury inflicted in robbery or attempt—penalty—Whoever takes from the person of

another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten [10] years nor more than twenty-five [25] years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stiletto, *bludgeon,* billy club, blackjack, or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, shall, upon conviction, be imprisoned in the state prison for life." (Emphasis supplied). Acts 1941, ch. 148, § 6, p. 447, § 10-4101, Burns' 1956 Replacement.

The Bill of Exceptions herein in pertinent part reads as follows, to-wit:

## "ERROR IN RULING ON MOTION

The defendant, to maintain and support the issues on his behalf, at the conclusion of the State's evidence, moves for a directed instruction of not guilty to Count I, which is Physical Injury While In Commission of a Robbery, for the reason that the State has failed to prove that a physical injury was inflicted on the complainant, Velma Mood with a bludgeon in that under the statute a battery acid jar would not be considered as a bludgeon. The statute refers to the use of a dirk, fire arm, gun, bludgeon, billy club, black jack, all this sort of thing. In order for a bludgeon, or some instrument to be considered as a bludgeon, it would have to be some instrumentality which by application of the doctrine of ejusdem generis would fit in with this categorization, and a plain glass jar would not fit in this category. Also, (defendant) moves that there has been no showing that money was taken from the person of the complainant, Velma Mood. This would be directed to Count I and Count II, and that therefore, no thing of value having been taken from the person of the complainant, there is no crime of Robbery, which is defined as taking of something of value from the person of another human being by use of force or threats of force.

To this motion Mr. Berry answered as follows:

'Your Honor, directing my arguments first to the bludgeon. There is an Indiana case which is set forth in the

annotations immediately below the statute which defense counsel referred to holding that a pop bottle could be a bludgeon within the statute charging robbery and armed robbery. Directing my attention to the second argument, several cases in Indiana have held that in circumstances such as were proved here, in other words, money that was taken from the area of which the person had physical custody or control by force and by direction, in fact falls criminally within the money from the person.'

'THE COURT: Defense motion directed to S66-S60 Count I is overruled; defense motion directed to S66-S60, Counts I and II is overruled.'

## ERROR IN GIVING OF INSTRUCTIONS

On the 12th day of April, 1967, the same being the 81st Judicial day of the January Term, 1967, the following proceedings were had, to-wit: The Court indicated on all instructions, in advance of argument, those that were to be given and those refused; that after the court had so indicated the instructions to be given, each party was given a reasonable opportunity to examine such instructions and state his specific objections to each, out of the presence of the jury and before argument; that the defendant orally made objections to plaintiff's tendered Instruction No. Ten (10) and to the Court's refusal to give Defendant's Instruction No. Eight (8), which the Court had indicated would be given to the jury; that said oral objections were taken by machine by Elizabeth Ann Hurt, the Official Reporter of said court.

That the defendant having requested said Reporter to furnish him with a complete transcript of said objections, the same was made by Reporter and the said objections are in the following words and figures, to-wit:

The Court tendered Court's Final Instructions Number One (1) to Eighteen (18) which were given. The State tendered Instructions Number One (1) to Ten (10) to which defendant objected to Instruction No. Ten (10) which instruction was given over defendant's objection. Instruction No. Ten (10) reads as follows:

'You are hereby instructed that a glass jar may be considered a bludgeon as that term is used in Burns' Indiana Statute 10-4101.'

Defendant's objection to the State's tendered Instruction No. Ten (10) for grounds to the objection, would argue:

'(1) That a glass jar cannot be considered as a dangerous weapon or a bludgeon in and of itself, and that the term glass jar is not one which would be includable under the doctrine of ejusdem generis in the class of weapons set out in Burns' 10-1401 [sic], and that the giving of such an instruction is prejudicial to the defendant, and that the instruction assumes facts which are not in evidence in this case in that the evidence has shown the glass jar was a cylindrical nature without any neck, and that it was not therefore susceptible to being used as a weapon as such; and for the further reason that a glass jar of the nature of the one described in evidence in this case could not be considered as a bludgeon as the word is defined in Black's Law Dictionary.'

Defendant tenders Instructions Number One (1) to Thirteen (13). The Court indicates that it will give of the defendant's tendered instructions those numbered seven (7), ten (10), and thirteen (13). And the defendant withdraws instructions numbered one (1), two (2), three (3), four (4), five (5), six (6), nine (9), eleven (11), and twelve (12). And the Court refuses defendant's instruction number eight (8). Defendant would also object to the Court's refusal of defendant's instruction number eight (8) which instructs the jury that it may find the defendant not guilty in that they cannot convict the defendant of any of the offenses if they have a reasonable doubt as to any one of the offenses, and that instruction number eight (8) is necessary and complementary to preceding defendant's instruction number seven (7) which has to do with the jury's power to find the defendant guilty of a lower offense only if they have no reasonable doubt as to his guilt as to the lower offense. Instruction Number Seven (7) which Number Eight (8) is complementary to clearly states that the jury would be making its choice of guilty or not guilty beyond a reasonable doubt as between two offenses at each stage of its deliberation. Whereas, Instruction Number Eight (8) which was refused clearly states that the jury has within its power to find the defendant guilty only of such one offense as to which they have no reasonable doubt, and we feel that the defendant is entitled to such an instruction in order that it may clarify to the jury their power to determine the defendant's guilt or innocence as to each of the merged lesser included offenses involved in this particular case.

And the Court now overrules defendant's objection to said instruction."

The evidence most favorable to the appellee may be summarized as follows:

From the evidence adduced at the trial, it appears that on November 30, 1966, the victim, Mrs. Velma Mood, was tending the grocery store owned by her and her husband. A witness, Mrs. Dorothy Teague, testified that she was in the store at approximately 10:55 a.m. on November 30th and that she saw appellant, Robert Arthur, and another youth in the store at the same time. The witness said that she then returned to her home after talking briefly with Mrs. Mood. Approximately 11:10 a.m. of that same morning Mrs. Teague returned to the store, and, according to her testimony, observed a broken bottle lying on the floor. She then said that she saw Mrs. Mood and that Mrs. Mood's hair was very wet, and that some liquid had run down on her body. Mrs. Teague also said that Mrs. Mood was cut behind the ear in two different places, that both of her arms were cut, and that she appeared to be bleeding very badly. Mrs. Teague further testified that shortly after 11:00 that morning she saw appellant and Robert Arthur "just a flying" by her house on a motorcycle that she had seen them riding earlier that morning, and which she had also seen parked in front of the grovery store.

Mrs. Mood testified that at about 11:00 a.m. on November 30, 1966, she was standing near the cash register and behind the counter of the store. She said that she was reading a newspaper when she heard someone walking behind the counter. She testified that she looked up and saw the appellant coming toward her with a butcher knife in his hand. According to Mrs. Mood, appellant then walked behind her and said: "Velma, I want your money. Get a paper sack and put the money, change and all, in it." She said that he then pulled the telephone cord from the wall.

The witness said that she put the money in the sack, handed it to the appellant, and then started to run to the front of

the store. She said that as she was running she saw appellant grab a bottle of radiator cleaner that was on the counter. He then hit her over the head with the bottle. Although she was cut and bleeding from the blow on the head, the witness kept running until she reached the front door of the store. There appellant scuffled with the witness and cut her in several places on her arms with the butcher knife that he was holding. The witness said that by this time she was cut and bleeding and had radiator cleaner in her mouth and eye, and that her glasses had fallen off. Appellant then ran from the store, and Mrs. Mood went to her house, dialed the operator and reported the crime.

In essence, the appellant contends he was prejudically harmed by the following errors or omissions during his trial in the Monroe Superior Court:

Failure of the State of Indiana to prove all the material elements of the charge against him (inflicting physical injury with a bludgeon while committing a robbery) ;

Error of the Court in defining a glass jar as being a "bludgeon" within the meaning and intendment of the criminal law of this State, specifically § 10-4101, Burns' 1956 Replacement.

Error of the Court in failing to properly instruct the jury of its rights and duties with regard to its application of the doctrine of "reasonable doubt" as to each of the separate offenses with which the defendant was charged.

Taken jointly or severally, these errors resulted in the appellant being denied a fair and impartial trial; and these errors require a reversal of said judgment of conviction.

Appellant's first contention on appeal is that the State failed to prove a material allegation of the charge upon which the appellant was convicted, namely "inflicting physical injury with a bludgeon while committing robbery," thus rendering

the jury's verdict contrary to law. In support of this proposition he cites: Indiana Constitution, Art. 1, § 13; *McLaughlin v. State* (1873), 45 Ind. 338, 344; *Rhoads v. State* (1946), 224 Ind. 569, 70 N. E. 2d 27; *Foreman v. State* (1929), 201 Ind. 224, 226, 167 N. E. 125, 126; 32 Indiana Law Journal 258 (1957) "The effect of Varience Between the Pleading and the Proof in Indiana Criminal Procedure."

The gravaman of the offense charged in count one of the affidavit, omitting the recitals thereof relating to the robbery itself reads as follows: ". . . while engaged in committing the robbery as aforesaid, did then and there unlawfully and feloniously inflict physical injury, to-wit: a wound in and upon the head of the said Velma Mood with a *bludgeon,* then and there held in the hand of the said Robert E. Patton, contrary . . . ." (Emphasis supplied).

The evidence in this case discloses the appellant picked up from the grocery store counter a bottle of Permatex, about the size of a quart Purex bottle, it wasn't a long neck bottle, but was cylindrical in shape and contained some sort of commercial automobile acid fluid. He struck the victim on the back of the head with it as she attempted to flee from the grocery store after she had handed appellant the sack containing the money.

One of the questions here to be determined is whether or not the offense charged is sustained by the proof adduced by the State. Appellant contends the use of the word bludgeon is a material allegation of the affidavit and proof of the use of such instrument was necessary to sustain his conviction.

Webster's New World Dictionary defines the word bludgeon as follows: "Bludgeon: a short club with a thick heavy or loaded end."

It is clear that the allegation concerning the use of the "bludgeon" was considered necessary by the State to bring the defendant within the purview of Section 10-4101 of

Burns' Annotated Statutes concerning the inflicting of physical injury during the perpetration of a robbery, since not all injuries inflicted during a robbery are punishable by said section. The only injuries which are made punishable when inflicted during a robbery are those brought about by the use of "any firearm, dirk, stiletto, bludgeon, billy club, blackjack, or any other deadly or dangerous weapon or instrument."

It would seem obvious that the intent of the legislature was to penalize in aggravated fashion an injury committed during a robbery or attempted robbery, by one who is armed with a dangerous or deadly weapon of the kinds enumerated by that body.

Thus, the defendant in this present case, having been charged by affidavit with inflicting a physical injury upon his victim by means of a "bludgeon—then and there held in the hand of said Robert E. Patton" is entitled to expect that the State of Indiana will be required to prove beyond a reasonable doubt the truth of this material allegation before it can properly convict him of the crime of inflicting physical injury during the commission of a robbery.

Obviously, if the use of such weapon were not alleged in the affidavit, the defendant could not be convicted of this particular crime which carries with it a sentence of life in the state prison. It is a well settled rule that what is unnecessary to allege is ordinarily unnecessary to prove, and thus the converse would be true; that whatever it is necessary to allege, it is likewise necessary for the State to prove.

The State of Indiana in its brief has commingled appellant's Points I and II, and has relied heavily on the case of *Short v. State* (1954), 234 Ind. 17, 122 N. E. 2d 82. The State remarks that the cited case *Short, supra,* is ". . . remarkably similar." In the *Short* case, as in the case at bar, the question of Ejusdem Generis is presented. We are presently

of the opinion that we need not, in the case at bar, explore further the applicability of the doctrine of Ejusdem Generis or the questions as to the effect of the alleged error in giving and refusing to give certain instructions.

We turn now to the affidavit in *Short v. State, supra.* The affidavit in that case is found in 234 Ind. 17, omitting caption, signature, verification and endorsements, the affidavit is as follows:

"Jess Julian being duly sworn upon his oath says that Robert Maloney Short on or about the 15th day of December, A.D. 1952, at said County and State as affiant verily believes did then and there unlawfully, forcibly and feloniously take from the person of and possession of Fred C. Luhring, by violence and putting the said Fred C. Luhring in fear, certain personal property, to-wit: Three Thousand dollars ($3,000.00) in lawful and current money of the United States of America of the personal property of said Fred C. Luhring, and while engaged in the commission of said robbery, the said Robert Maloney Short inflicted physical injury upon the person of the said Fred C. Luhring with a soft drink bottle.

Then and there being contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana."

The distinguishing feature of the case at bar is that appellant was charged with the use of a "bludgeon" while in the *Short* case the charge was the infliction of physical injury upon the person of the said Fred C. Luhring with a soft drink bottle." There is a vast distinction between the two cases, and the manner and wording of the charges.

In the case at bar the State elected to charge the appellant with the use of a bludgeon to inflict the injury in the commission of the alleged offense. The State, in charging the defendant with inflicting an injury upon the victim with a bludgeon, made the use of such weapon a material allegation in this affidavit and thus proof of the use of such instrument was necessary to sustain appellant's conviction.

Criminal statutes, as well as penal, must be strictly construed against the State and in favor of the defendant where construction is necessary. *Shutt v. State* (1954), 233 Ind. 169, 117 N. E. 2d 892; *Gingerich v. State* (1950), 228 Ind. 440, 445, 93 N. E. 2d 180; *Caudill v. State* (1946), 224 Ind. 531, 534, 69 N. E. 2d 549; *Moag v. State* (1941), 218 Ind. 135, 31 N. E. 2d 629; *Sheets v. State* (1940), 217 Ind. 676, 682, 30 N. E. 2d 309; *Vanhook v. State* (1840), 5 Blkfd. 450.

There is no evidence whatever in the record that appellant inflicted "physical injury, to-wit: a wound in and upon the head of the said Velma Mood with a bludgeon, then and there held in the hand of said Robert E. Patton." The State proved appellant hit Mrs. Mood with a Permatex bottle as she ran by him. The charge and the proof here is the equivalent of charging a defendant with the theft of a horse and then proving he stole a couple of ducks.

The State totally failed to sustain its burden of proof on the charge made in Count I of the affidavit herein. That being true, then the verdict of the jury is contrary to law.

In view of the determination we must reach here we deem it unnecessary to consider or discuss other errors pointed out and saved in the Motion for New Trial.

The judgment should be reversed and this cause remanded to the trial court with instructions to grant appellant's Motion for a New Trial.

DeBruler, C. J., concurs.

NOTE.—Reported in 251 N. E. 2d 559.