The defendant was indicted and convicted for robbery in the first degree. Alabama Code 1975, Section 13A-8-41.
The only issue on appeal concerns the propriety of the trial judge's refusal to instruct the jury on the elements of robbery in the second and third degrees as lesser included offenses of the crime of robbery in the first degree. Our review of all the evidence convinces us that this refusal was proper.
Codifying Alabama case law, Alabama Code 1975, Section13A-1-9 (b), provides: "The Court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense." Chavers v. State, 361 So.2d 1106 (Ala. 1978);Henderson v. State, 373 So.2d 1218 (Ala.Cr.App.), cert. denied,Ex parte Henderson, 373 So.2d 1221 (Ala. 1979). "A court may properly refuse to charge on lesser included offenses only (1) when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) when the requested charge would have a tendency to mislead or confuse the jury." Chavers, 361 So.2d at 1107.
The evidence is undisputed, even being admitted by the defendant at trial, that the robbery was planned by the defendant, Frank Walker and George Brown; that the defendant, armed with a .410 gauge shotgun, and Brown, armed with a club, robbed the attendant at the Racetrac Service Station in Auburn on June 17, 1980; and that as Brown and the defendant were making their escape, Brown clubbed the attendant on the back of his head causing an injury which required twelve stitches. There is no contention of proof that this amounted to a *Page 779 
"serious physical injury" as defined by Section 13A-1-2 (9).
While fully admitting his part in the robbery, the defendant maintains that he was entitled to have the jury instructed on the lesser degrees of robbery in the first degree because the shotgun he used was not loaded and because he never intended to harm anyone. Under the facts of this case this contention is without merit.
Robbery in the first degree is defined in Section 13A-8-41:
 "(a) A person commits the crime of robbery in the first degree if he violated section 13A-8-43[1] and he:
 "(1) Is armed with a deadly weapon or dangerous instrument; or
"(2) Causes serious physical injury to another.
 "(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed."
Under the facts of this case, the defendant would still have been guilty of robbery in the first degree even if he had been unarmed and no one had been injured in the robbery. Theuncontradicted evidence shows that the defendant and Brown, pursuant to a plan or conspiracy, committed the robbery. The defendant knew that Brown was armed with a club during the actual commission of the robbery. Therefore the defendant is criminally liable for the act of Brown in carrying the club. Section 13A-2-23 provides: "A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense: . . . (2) He aids or abets such other person in committing the offense; . . ."
The club carried by Brown was a deadly weapon as a matter of law. A "deadly weapon" is defined by statute as:
 "(11) DEADLY WEAPON: A firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious physical injury, and such term includes, but is not limited to, a pistol, rifle or shotgun; or a switch-blade knife, gravity knife, stiletto, sword or dagger; or any billy, black-jack, bludgeon or metal knuckles."
Section 13A-1-2 (11). (Emphasis Added)
A "bludgeon" is defined as "a short stick, with one end loaded, or thicker and heavier than the other, used as an offensive weapon, hence any clublike weapon." Webster's New International Dictionary (2nd ed. 1935) p. 294; 5 Words and Phrases "Bludgeon" (1968).
The statute defining robbery in the first degree requires only that the perpetrator be "armed with a deadly weapon." It does not require that any injury be inflicted with the weapon, Cf. Patton v. State, 252 Ind. 678, 251 N.E.2d 559 (1969), or that the actor have any "intent" to actually use the weapon.
Because the defendant was criminally liable for the acts of his admitted accomplice, we need not decide whether an unloaded shotgun constitutes a deadly weapon or dangerous instrument within the definition of robbery in the first degree. See 67 Am.Jur.2d Robbery section 5 (1961); Annot. 79 A.L.R.2d 1412 (1961); Annot. 81 A.L.R.3d 1006 (1977).
We have searched the record and found no error prejudicial to the substantial rights *Page 780 
of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.
[1] Section 13A-8-43. Robbery in the third degree.
 (a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
 (1) Uses force against the person of the owner of any person present with intent to overcome his physical resistance or physical power of resistance; or
 (2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."