BASCHAB, Judge,
dissenting.
In this case, the appellant testified that he took the victim’s vehicle, but stated that he did not threaten the victim and that he was not armed with a boat anchor. Nevertheless, he now contends that the trial court should have instructed the jury on the lesser included offense of third-degree robbery, arguing that “[a] robbery 3rd degree charge summarized his entire theory of the case.” (Appellant’s brief at p. 29.) The Alabama Supreme Court addressed and rejected a similar argument in Ex parte Hannah, 527 So.2d 675, 675-77 (Ala.1988), as follows:
“The petitioner, Hannah, was arrested, along with codefendant Dixon, for the armed robbery of a tavern named Bentley’s in Montgomery, Alabama. Hannah was subsequently convicted of robbery in the first degree, while, in a separate trial, Dixon was determined to be not guilty on a charge of robbery in the first degree. Hannah and Dixon claim that they had agreed to bring the alleged victim of the robbery, Andrew Smith, the owner/manager of Bentley’s, some stolen whiskey in return for money that Smith had given to Hannah and Dixon in advance. The two defendants claim that Smith signed warrants accusing them of robbery because they never returned with the whiskey.
“Smith and the assistant manager of Bentley’s testified that they had been robbed by Hannah and Dixon at gunpoint. Both Smith and the assistant manager claimed that Dixon held a gun on them while Hannah assisted in the taking of cash from Smith.
[[Image here]]
“The petitioner contends that he was entitled to a charge on the lesser offense of robbery in the second degree....
[[Image here]]
“The trial court was not required to give a lesser-offense charge in the present case if there was no evidence tending to bring the offense within the definition of the lesser included offense. Lidge v. State, 419 So.2d 610 (Ala.Crim.App.), cert. denied, 419 So.2d 616 (Ala.1982), held that robbery in the second degree is a lesser included offense of robbery in the first degree when the ‘robber is aided by another person actually present and one participant is armed with a deadly weapon or dangerous instrument, or causes physical injury to another.’ Id. at 613. In Lidge, the Court of Criminal Appeals appears to indicate that where there is evidence that an armed robbery is committed by two or more persons and one person is unarmed, then the persons accused are necessarily entitled to a charge of rob *638 bery in the second degree. This is an incorrect interpretation of the law. A charge of second degree robbery does not always have to be given in such a situation. As the [Ex parte] Chavers [, 361 So.2d 1106 (Ala.1978),] case holds, a court may properly refuse to charge on lesser included offenses when it is clear to the judicial mind ‘that there is no evidence tending to bring the offense within the definition of the lesser offense.’
“Under the evidence presented, the petitioner could not be convicted of robbery in the second degree. Code 1975, § 13A-2-23, provides: “A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense: ... (2) He aids or abets such other person in committing the offense.... ’ Therefore, under the evidence presented by the State, the petitioner would be criminally liable for Dixon’s act of carrying the gun. Because the petitioner would be criminally liable for the acts of his accomplice, he would be guilty of robbery in the first degree. See Harris v. State, 398 So.2d 777, 779 (Ala.Crim.App.), cert. denied, 398 So.2d 780 (Ala.1981). According to the State’s evidence, the petitioner was obviously aware that Dixon was armed with the gun during the actual commission of the robbery. In order for the petitioner to be convicted of robbery in the second degree, there must be evidence that the robbery was committed by two or more persons and that he did not have an intent to commit the armed robbery or knowledge that an accomplice was going to do so. No evidence was presented that would indicate that the petitioner was guilty of robbery in the second degree.

“However, the petitioner did present evidence that the armed robbery never took place. Instead of explaining the facts presented by the State, he presented evidence that a theft was committed when he allegedly tricked Andrew Smith into giving him money. The evidence presented by both sides left the jury with only two possible choices: Hannah either committed theft or he committed robbery in the first degree.

“The evidence presented by the petitioner at trial amounts to a denial that a robbery of any kind occurred. In order for the jury to reach the conclusion that a robbery in the second degree occurred, it would have to conclude that both the witnesses for the petitioner and those for the prosecution were lying. It would then have to somehow infer that what really happened was that the petitioner and Dixon robbed the victim without the use of a deadly weapon, or that the petitioner assisted Dixon with the armed robbery without intent to commit an armed robbery and without knowledge that one was taking place. No evidence exists to support such inferences. The evidence supports only the conclusion that the petitioner was involved either in a theft or in an armed robbery.”
(Emphasis added.)
Similarly, in this case, the victim’s testimony was sufficient to establish a prima facie case of first-degree robbery, and the appellant denied that any type of robbery occurred. Rather, under his theory of the evidence, he committed a first-degree theft of property. There was not any evidence to support such a conclusion. Therefore, as in Hannah, the evidence supported only the conclusion that the appellant committed a first-degree robbery or a first-degree theft of property. An instruction on third-degree robbery was not appropriate under *639 these facts. Accordingly, I respectfully dissent.