129 N.J. Super. 399 (1974)
324 A.2d 45
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
NORMAN TIMS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 18, 1974.
Decided July 22, 1974.
*400 Before Judges KOLOVSKY, FRITZ and CRANE.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Gerald T. Foley, Jr., Deputy Public Defender, of counsel and on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. R. Benjamin Cohen, Assistant Prosecutor, of counsel).
The opinion of the court was delivered by FRITZ, J.A.D.
Defendant appeals from his conviction on the entry of a guilty plea to robbery (N.J.S.A. 2A: 141-1) while armed (N.J.S.A. 2A:151-5). For this plea to these two counts of a six-count indictment the State recommended dismissal of two counts charging a different robbery while armed with a knife and dismissal of two counts charging a third robbery while armed with a bottle.[1]
Other than a complaint of the excessiveness of the sentence of five to seven years for the robbery and a consecutive *401 two to four years for the armed feature, the only ground urged on this appeal, raised here for the first time, is that the Legislature did not intend N.J.S.A. 2A:151-5 to include a bottle within the weaponry for which enhanced punishment is provided. We find the argument without merit.
The precise question appears never to have been decided before in New Jersey.
At the outset we acknowledge several propositions sufficiently basic to statutory construction as to be beyond dispute. If the legislative language is plainly expressed, there is no need to resort to construction, and effect is to be given to the plain meaning. Watt v. Mayor, etc., of Franklin, 21 N.J. 274, 277 (1956). In any event, the search is for the intent of the Legislature as expressed in the statutory language, and it is that intent which is to be given meaning. State v. Madden, 61 N.J. 377, 389 (1972). The purpose for which the statute was enacted and the evil at which it is aimed are essential stepping stones on the pathway to the determination of intent. Seatrain Lines, Inc. v. Medina, 39 N.J. 222, 226 (1963). Criminal statutes, involving as they do a penalty, are to be strictly construed, but such construction "must not be unduly narrow or artificial or disregard manifest legislative intention." State v. Rucker, 46 N.J. Super. 162, 167 (App. Div. 1957), certif. den. 25 N.J. 102 (1957). A concise and articulate expression of purpose may be found in State v. Angelo's Motor Sales, 125 N.J. Super. 200 (App. Div. 1973), aff'd sub nom. State v. Parmigiani, 65 N.J. 154 (1974):
The rule of strict construction does not prohibit a court from reading a statute in relation to the mischief and evil sought to be suppressed, State v. Meinken, 10 N.J. 348, 352 (1952), and while a penal statute cannot be extended by implication and intendment, its clear implication and intendment is not to be denied. State v. Brenner, 132 N.J.L. 607, 611 (E. & A. 1945). Construction which would have the effect of placing it in the power of a transgressor to defeat the object and purpose of the law by evasion is not to be favored. State v. Gratale, 26 N.J. Super. 581, 585 (App. Div. 1953). [125 N.J. Super. at 207.]
*402 The statute reads:
Any person who commits or attempts to commit an assault, robbery, larceny, burglary, breaking and entering, rape, murder, mayhem, arson, abduction, extortion, kidnapping, sodomy or treason, or who is a fugitive from justice, when armed with or having in his possession any firearm, whether or not capable of being discharged or dangerous instrument of any kind, usually known as a blackjack, sling shot, slung shot, billy, sandclub, sandbag, bludgeon, metal knuckles, dagger, dirk, dangerous knife or knife as defined in chapter 5 of the laws of 1952 (C. 2A:151-62), razor, stiletto, cestus, or similar band studded with metal for fitting on the knuckles, loose wool imbedded with metal filings, razor blades imbedded in wood slivers, handcuffs, iron claws, grenade, bomb or other explosive or any object or device, whether toy or imitation, having an appearance similar to or capable of being mistaken for any of the foregoing, shall, in addition to the punishment provided for the crime, be punished on a first conviction by imprisonment for not less than one nor more than 10 years; upon a second conviction by imprisonment for not less than 3 nor more than 15 years; upon a third conviction by imprisonment for not less than 5 nor more than 20 years; and upon a fourth or subsequent conviction, by imprisonment for not less than 10 years nor more than for life, in the discretion of the court. No such additional punishment shall be imposed unless the indictment shall have averred that the person was armed with or had in his possession any such instrument and conviction was had thereon.
It seems clear that the evil contemplated by the statute is the possession of any object, during the commission of one of the enumerated crimes, which, if it were to be purposefully used, contains a substantial potential for the infliction of harm or, much less, a capacity for the mere threatening of harm. Legislative concern for the latter capability is demonstrated by the statutory provision that a proscribed firearm need not be capable of being discharged and a toy or imitation of the enumerated devices comes within the statute.
Such an intention is manifested by the delimiting inclusion of "dangerous instrument of any kind." Our view is fortified by the word "usually" which immediately follows, whereby even the generic descriptions may be seen to be exemplary rather than perimetric. Cf. State v. Green, 62 N.J. 547, 555 (1973) and State v. Howard, 125 N.J. Super. *403 39 (App. Div. 1973). And the generic classifications themselves are only descriptive, listing the most common designations of the kinds of weapons proscribed. State v. Witcher, 58 N.J. Super. 464, 471 (App. Div. 1959).
We need not, however, take such an expansive view here. Instructed by this legislative purpose, we are satisfied that a bottle comes within the specific proscription of the bludgeon. A bludgeon is defined in Webster's Third New International Dictionary, Unabridged (1971) as "a short stick used as a weapon, usually having one thick, heavy, or loaded end * * * any similar weapon." We see no difficulty in the fact that a bottle is not a "stick": its dangerous likeness to a weapon of wood, with its thick end and conveniently moulded-to-the-grasp neck provides a similarity which well accommodates the definition. Conversely, we cannot conceive that the Legislature meant to interdict, for instance, a piece of plastic formed and colored to imitate a short stick with a heavy end  "toy or imitation" of a bludgeon  but did not intend to include a club-shaped weapon simply because it was made of glass and called a bottle.
In People v. Grubb, 63 Cal.2d 614, 47 Cal. Rptr. 772, 408 P.2d 100 (Sup. Ct. 1966), the court considered a statute which made possession of "any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, sawed-off shotgun or metal knuckles * * * a felony." It held, despite the generic descriptions, that the "salutary purpose" of the statute was that of "checking the possession of objects subject to dangerous use," concluding that such a decree was, properly circumstanced, even directed against "ordinarily harmless objects."
In People v. Collins, 6 Ill. App.3d 616, 286 N.E.2d 117 (App. Ct. 1972), a criminal statute prohibiting the use among other enumerated items, of a bludgeon, was held to proscribe a heavy metal chain wrapped with tape with a handle made from looping the chain. The device was said to be capable of classification as a bludgeon.
*404 An Indiana statute providing enhanced punishment for the infliction of injury upon a victim during the commission of a robbery by use of "any firearm, dirk, stiletto, bludgeon, billy, club, blackjack, or any other deadly or dangerous weapon or instrument" was held to encompass a soft drink bottle within its prohibited class. In Short v. State, 234 Ind. 17, 122 N.E. 2d 82 (Sup. Ct. 1954), the following appears:
A soft drink bottle is not designed to be either an offensive or defensive weapon, but the experience of man teaches us that it may be so used. Among other weapons, the use of which is forbidden by the statute are: "bludgeon, billy, club, blackjack". A soft drink bottle could be used in the capacity of either of these weapons, with like results to the victim. If so used in a robbery, it would be ejusdem generis with these weapons. It was the evident intent of the legislature to inflict heavy punishment upon anyone engaging in such violence. * * * [122 N.E.2d at 86.]
In Patton v. State, 252 Ind. 678, 251 N.E.2d 559 (Sup. Ct. 1969), in a case arising under the same statute, the court specifically found a bottle to be a bludgeon.
Even were we less convinced that a bottle is in fact a bludgeon within the intent of the use of that word, defendant cannot escape the manifest reality that a bottle at the very least has the appearance of such a weapon and the statute includes in its condemnation all those things "having an appearance similar to" that object.
We reiterate the statute, appropriately abridged:
Any person who commits * * * robbery * * * having in his possession any * * * dangerous instrument of any kind

[or, instead]
[a] bludgeon * * * or any object or device, whether toy or imitation, having an appearance similar to or capable of being mistaken for [the] foregoing shall, in addition to the punishment provided for the crime, [etc.] * * *.
We have no doubt that defendant's possession of the bottle during the commission of the crime of robbery (including his admitted threatening of the victim with its *405 terror if she did not yield to his demand for her money) brought him within the sanctions of N.J.S.A. 2A:151-5.
With respect to defendant's claim that his sentence is excessive, we are satisfied from our review of the whole record, including consideration of the nature of the crime and defendant's prior record, that there was no mistaken exercise of discretion by the trial judge in this regard. State v. Tyson, 43 N.J. 411 (1964), cert. den. 380 U.S. 987, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965).
Affirmed.
NOTES
[1] The record is silent with respect to the subsequent history of these four counts. We presume they were dismissed.