## STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. TYRONE LEROY BREWER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 6, 1975—Decided May 29, 1975.

Before Judges CARTON, CRANE and KOLE.

*Mr. John H. Ratliff, Margolis & Bergstein,* argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Michael H. Kessler,* Assistant Prosecutor, argued the cause for respondent (*Mr. Karl Asch,* Union County Prosecutor, attorney).

PER CURIAM. Defendant was convicted of breaking and entering, in violation of *N. J. S. A.* 2A:94–1; armed robbery, in contravention of *N. J. S. A.* 2A:141–1 and *N. J. S. A.* 2A:151–5, and assault with intent to rob, contrary to *N. J. S. A.* 2A:90–2. On defendant's motion the trial judge merged for sentencing purposes the assault with intent to rob conviction with that for robbery. Defendant was sentenced for the breaking and entering conviction to an indeterminate term at the Youth Reception and Correctional Center, Yardville. On the robbery and the assault convictions he was sentenced to an indeterminate term at the same institution to be served consecutively to the sentence imposed for the break and entry conviction. For being armed while committing the robbery, he was sentenced to an indeterminate term to be served concurrently with the sentence imposed for the other convictions. He appeals.

Defendant contends that the trial judge erroneously limited his examination of one of the victims, Mrs. Vivona, as to an alleged violation of a sequestration order. The con-

tention is without merit. Both Mr. and Mrs. Vivona had fully testified on the *voir dire* examination as to identification. Mr. Vivona, also a victim, then testified at trial. During Mrs. Vivona's cross-examination at trial it appeared that she had discussed with him his earlier testimony over the intervening weekend. The judge did not in fact foreclose further examination of the witness as to the claimed violation of the order. He merely precluded the repetition of questions that the witness had already answered. In any event, the record plainly indicated that Mrs. Vivona's trial testimony was not influenced by any weekend conversation with her husband. As a victim she had had the same opportunity to perceive the robbery and defendant as her husband. She had already testified on the *voir dire* as to out-of-court and in-court identifications of defendant. Thus, her identifications at the trial could not have been altered without being impeached. The violation of the order, if it existed, had no real potential for prejudice to defendant. *State v. Smith,* 55 *N. J.* 476 (1969), *cert.* den. 400 *U. S.* 949, 91 *S. Ct.* 232, 27 *L. Ed.* 2d 256 (1970). Under these circumstances *State v. Tillman,* 122 *N. J. Super.* 137 (App. Div. 1973), certif. den. 62 *N. J.* 428 (1973) is inapposite.

■■ Defendant claims that a mistrial should have been declared after his prior juvenile delinquency record may have been disclosed to the jury during the testimony of one of the State's witnesses, Detective Marhoffer. He had referred to a volume containing a picture of defendant as "a photo album retained by the Youth Section of juvenile offenders." Instead of declaring the requested mistrial, the judge directed defense counsel to submit a request to charge on this issue. That charge was given to the jury. We find it to be eminently fair and in no sense harmful to defendant. We see no basis for interfering with the court's discretionary decision not to grant the extraordinary remedy of a mistrial. See *State v. DiRienzo,* 53 *N. J.* 360 (1969). Nor do we find the information thus imparted to the jury, on the record before us, to have

prejudiced defendant in any meaningful way. *State v. Macon,* 57 *N. J.* 325 (1971). Defendant's reliance on *State v. Samurine,* 47 *N. J. Super.* 172 (App. Div. 1957), rev'd on other grounds, 27 *N. J.* 322 (1958), thus is misplaced.

▮ Defendant contends that he was prejudiced by the removal of a juror at the conclusion of the trial. The juror was said to have some acquaintance with the father of one of the defense witnesses. She denied it. The court believed her but found that there had been an exchange of greetings between her and the man involved. Nevertheless, since 13 jurors were then on the panel and in order to avoid any possibility of bias, at the request of the State, the court removed her from the final jury that decided the case. We find no error or prejudice to defendant in this discretionary action by the court. Defendant was not deprived thereby of the right to an impartial jury. He was entitled to no more. *State v. Belton,* 60 *N. J.* 103 (1972); *State v. Jackson,* 43 *N. J.* 148 (1964), *cert.* den. 379 *U. S.* 982, 85 *S. Ct.* 690, 13 *L. Ed.* 2d 572 (1965). Compare *State v. Marchitto,* 132 *N. J. Super.* 511 (App. Div. 1975).

▮ Defendant argues that the judge should have granted his motion for judgment of acquittal on the charge of assault with intent to rob either in its entirety or as it pertained to Kevin Lane and Dwayne Dicks. Our review of the proofs convinces us that the motion was properly denied. *State v. Reyes,* 50 *N. J.* 454 (1967). Moreover, the court merged the conviction for this charge with the robbery conviction for sentencing purposes. We have concluded, and the State concedes, that the conviction for the assault with intent to rob should be vacated. See *State v. Bono,* 128 *N. J. Super.* 254 (App. Div. 1974), certif. den. 65 *N. J.* 572 (1974). Thus, there can be no prejudice to defendant by the denial of the acquittal motion.

According to the proofs which the jury reasonably could credit, at the time of the robbery defendant had his hand in his jacket pocket in such a manner as to create a bulge. He contends that under these circumstances the judge should

not have charged the jury that it could find that he was armed. Vivona testified that this bulge, which was thrust in his nose, frightened him. There was no proof that the bulge involved a weapon of any kind or that defendant articulated any intention to use what was concealed in his pocket if the victims failed to cooperate.

The statute, *N. J. S. A.* 2A:151–5, provides:

Any person who commits or attempts to commit * * * robbery * * * when armed with or having in his possession * * * any object or device, whether toy or imitation, having an appearance similar to or capable of being mistaken for any of the foregoing [specific weapons], shall, in addition to the punishment provided for the crime, be punished * * *.

We have concluded that the jury reasonably could have found defendant to have been armed and the issue was properly submitted to it. Defendant was not convicted, as he contends, for armed robbery while in possession of a hand.

The evil contemplated by the statute is the possession of any object or device, during the commission of one of the enumerated crimes, which if purposely used, contains a capacity for the mere threatening of harm. Any device, even if imitation, having an appearance similar to or capable of being mistaken for any of the weapons specified in the statute and possessing a capacity for the mere threatening of harm suffices to trigger the operation of the added penalty for being armed. If, as here, the victim's cooperation can be said to have been induced by means of a device or sham having an appearance similar to a weapon or capable of being mistaken therefor, the statute is applicable. We consider the bulge in defendant's pocket directed at the victim during the course of the robbery to be that kind of device. See *Webster's Third New International Dictionary* 618 (1971); defining "device" as something contrived, a scheme to deceive, an artifice. See also *State v. Tims,* 129 *N. J. Super.* 399 (App. Div. 1974), certif. den. 66 *N. J.* 326 (1974). That *N. J. S. A.* 2A:151–5 is a crim-

inal statute does not require a different result, for the type of conduct here involved is within the purpose for which the statute was enacted. See *State v. Ferro,* 128 *N. J. Super.* 353 (App. Div. 1974), certif. den. 65 *N. J.* 566 (1974).

We find no substance to defendant's argument that *N. J. S. A.* 2A:151–5 is void for vagueness. It authorizes an additional penalty for certain conduct made criminal by other statutory provisions for those who seek the benefit of a dangerous instrument or what reasonably may appear to be such an instrument in facilitating the commission of the crime. Its provisions are as specific as is reasonably feasible. See *State v. Lair,* 62 *N. J.* 388 (1973); *State v. Smith,* 46 *N. J.* 510 (1966), *cert.* den. 385 *U. S.* 838, 87 *S. Ct.* 85, 17 *L. Ed.* 2d 71 (1966).

Defendant contends that he was unduly restricted on the identification *voir dire* in his attempt to explore the attendant circumstances at the time the victims observed the perpetrators of the robbery. The trial judge ruled that these circumstances went to credibility and did not pertain to the matter of impermissible suggestibility in the identification process upon which the issue of admissibility depended. From our review of the record at the *voir dire,* we are satisfied that, although the judge might have permitted more leeway in this area, his conclusion as to the admissibility of the out-of-court photo identifications was out-of-court photo identifications was correct. There was ample credible proof before the judge at that hearing to find that the Vivonas actually saw defendant at the time the crimes were committed and that the out-of-court identifications were not so impermissibly suggestive as to be conducive to a substantial likelihood of irreparable mistaken identification. We are also satisfied that the curbing of the cross-examination complained of did not deprive defendant of the opportunity to show unfairness or unreliability in the identification process.

Although at that hearing the judge prohibited an extended inquiry into the victims' initial observations at the

time of the commission of the crimes, the testimony of the victims and police officers clearly established that a positive, albeit joint, photo identification had been made by the Vivonas, without any suggestive words or conduct by the police. The judge also obviously credited the testimony that they had made a determined effort to study the face of the armed individual identified as defendant while the criminal event was in progress; that defendant was facing Mr. Vivona when he removed the money from the victim's wallet; that the premises was well-lighted and that the opportunity to view the perpetrators was not fleeting. Under these circumstances we perceive no prejudice to defendant in the limitation of cross-examination. *Evid. R.* 63(1)(c) ; *Neil v. Biggers,* 409 *U. S.* 188, 93 *S. Ct.* 375, 34 *L. Ed.* 2d 401 (1972) ; *State v. Farrow,* 61 *N. J.* 434 (1972), *cert.* den. 410 *U. S.* 937, 93 *S. Ct.* 1396, 35 *L. Ed.* 2d 602 (1973). Compare *State v. Bono, supra,* 128 *N. J. Super.* at 260–263.

Moreover, the proofs at the trial amply support the jury's determination that there was no substantial likelihood of misidentification of defendant as the perpetrator of these crimes.

 The final claim is that the sentences were excessive. Considering the nature of the offenses and the presentence report, including the history of defendant's prior offenses and reformatory incarceration, we have concluded that they were not excessive and do not represent an abuse of discretion. *State v. Jones,* 66 *N. J.* 563 (1975) ; *State v. Carroll,* 66 *N. J.* 558 (1975) ; *State v. Tyson,* 43 *N. J.* 411 (1964), *cert.* den. 380 *U. S.* 987, 85 *S. Ct.* 1359, 14 *L. Ed.* 2d 279 (1965).

 The conviction of assault with intent to rob, having merged with the conviction for robbery, is hereby vacated. See *State v. Jamison,* 64 *N. J.* 363 (1974). Thus, the judgment of conviction, to the extent it indicates a conviction or sentence for assault with intent to rob (count 4 of the indictment), is vacated. In all other respects, it is affirmed.

CRANE, J. A. D. (dissenting in part). I respectfully dissent from the views of my fellow judges. In my judgment it flies in the face of reason to term a hand, no matter how positioned, "an object or device" possession of which while committing a crime will subject the possessor to a penalty in addition to that imposed for the crime committed. The purpose of the pertinent portion of the statute, *N. J. S. A.* 2A:151–5, is to punish the possession and use of toy or imitation weapon having an appearance similar to a real weapon to the same extent as the use of a real weapon is punished.

The use of a menacing gesture or pose such as that utilized by defendant in the instant case, when accompanied by an intent to rob, amounts to an assault with intent to rob under *N. J. S. A.* 2A:90–3. *State v. Jackson,* 90 *N. J. Super.* 306 (App. Div. 1966). When, as here, the robbery is consummated, the offenses merge. *State v. Wines,* 47 *N. J. Super.* 235 (App. Div. 1957); *State v. Hill,* 44 *N. J. Super.* 110 (App. Div. 1957). Criminal statutes must be construed strictly in accordance with the language employed by the Legislature. *State v. Labato,* 7 *N. J.* 137 (1951); *State v. Dunlap,* 61 *N. J. Super.* 582, 588 (App. Div. 1960), *cert.* den. 368 *U. S.* 903, 82 *S. Ct.* 181, 7 *L. Ed.* 2d 97 (1961). I perceive no intention in the statutory language to provide separate punishment for the use of a menacing gesture even though it may create the impression in the mind of the victim that a weapon is possessed by the assailant.

I would reverse the judgment of conviction on the charge of being armed. I agree with the majority that the conviction for assault with intent to rob should be vacated. I also agree that the conviction for breaking and entering and robbery should be affirmed.