Walter T. Gorman, J.
The defendant was charged in a five-count, consolidated indictment with the crime of criminal sale of a controlled substance in the third degree and related crimes.
The case was set down for trial on August 21, 1975. At that time the defendant sought to have the statutory imposition of a burden of proof upon the defendant, should he raise an entrapment defense, declared unconstitutional. Oral argument was heard during which defense counsel contended that the recent Supreme Court decision in Mullaney v Wilbur (421 US 684) mandates such a holding.
The issue raised is whether the due process clause requires the prosecution to disprove beyond a reasonable doubt the existence of entrapment where the defendant has come forward with some evidence thereof. In other words, do sections 25.00 and 40.05 of the Penal Law, so far as they place the burden of proof of entrapment by a fair preponderance of the evidence upon the defendant, violate the Fourteenth Amendment? This court answers that question in the negative.
Prior to September 1,1967 the burden of proof in New York on all defenses rested with the People. The advent of the present Penal Law brought with it the "affirmative defense” (see Hechtman, Practice Commentaries, McKinney’s Cons. Laws of N.Y., Book 39, Penal Law, § 25.00, pp 62-63). In allocating burden of proof, the Penal Law prescribes, in relevant part: "When a defense declared by statute to be an 'affirmative defense’ is raised at a trial, the defendant has the *16 burden of establishing such defense by a fair preponderance of the evidence” (Penal Law, § 25.00, subd 2).
Likewise, the defense of entrapment, previously not recognized in New York, had its origin with the enactment of the Penal Law (see Hechtman, Practice Commentaries, supra, p 125; Rosenblatt, New York’s New Drug Laws and Sentencing Statutes [Law Journal Press, 1973, p 234]). The pertinent statute reads as follows: "In any prosecution for an offense, it is an affirmative defense that the defendant engaged in the proscribed conduct because he was induced or encouraged to do so by a public servant, or by a person acting in cooperation with , a public servant, seeking to obtain evidence against him for purpose of criminal prosecution, and when the methods used to obtain such evidence were such as to create a substantial risk that the offense would be committed by a person not otherwise disposed to commit it. Inducement or encouragement to commit an offense means active inducement or encouragement. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment” (Penal Law, § 40.05).
The Court of Appeals upheld the constitutionality of placing the burden of proof upon a defendant who interposes an entrapment defense (People v Laietta, 30 NY2d 68, cert den 407 US 923). That decision preceded the recent Supreme Court decision in Mullaney v Wilbur (supra).
In Laietta (p 75), the court did not reach the due process question, "since entrapment is not a defense which negatives an essential element of the crime, but rather constitutes a defense in the nature of confession and avoidance”.
The Supreme Court of the United States examined a Maine statute which required "a defendant charged with murder to prove that he acted 'in the heat of passion on sudden provocation’ in order to reduce the homicide to manslaughter.” That tribunal addressed itself to the issue whether "this rule comports with the due process requirement, as defined in Matter of Winship, 397 US 358, 364, that the prosecution prove beyond a reasonable doubt every fact necessary to constitute the crime charged” (Mullaney v Wilbur, 421 US 684, 685).
In its instructions to the jury, the trial court in Mullaney had told them that " 'malice aforethought is an essential and indispensable element of the crime of murder,’ * * * without which the homicide would be manslaughter” and that "if the *17 prosecution established that the homicide was both intentional and unlawful, malice aforethought was to be conclusively implied unless the defendant proved by a fair preponderance of the evidence that he acted in the heat of passion on sudden provocation” (supra, p 686).
The Supreme Court was disturbed by the great disparity in sentences in Maine following a conviction for murder, as compared to one for manslaughter. It rejected the contention that Winship does not apply where the degree of criminal culpability, rather than guilt or innocence, is at stake. On the contrary, it found (p 698) "the distinction established by Maine between murder and manslaughter may be of greater importance than the difference between guilt or innocence for many lesser crimes”. Accordingly, the court held the Maine statute unconstitutional.
What effect does this holding have on New York’s Penal Law? Already, one jurist has applied Mullaney and declared section 125.25 (subd 1, par [a]) of the Penal Law unconstitutional. That statute designates acting under the influence of extreme emotional disturbance an affirmative defense to the crime of murder which the defendant must establish by a fair preponderance of the evidence. (Establishing the defense does not bar a manslaughter conviction.) (People v Balogun, NYLJ, Aug 21, 1975, p 7, col 4.)
Mullaney did not reach the issue of whether the affirmative defense is per se unconstitutional because it places a burden of proof upon the defendant. Had the court done so, it would have overturned a long-standing precedent allowing such a shift (Leland v Oregon, 343 US 790; Morrison v California, 291 US 82; People v Bornholdt, 33 NY2d 75, cert den sub nom Victory v New York, 94 S Ct 1609; People v Laietta, supra). However, in light of the court’s decision, each affirmative defense, upon being raised, will have to be scrutinized to determine its propriety.
Some guidelines can be gleaned from the language utilized by our nation’s highest tribunal. In Morrison, Justice Cardozo stated (pp 88-89): "The decisions are manifold that within limits of reason and fairness the burden of proof may be lifted from the state in criminal prosecutions and cast on a defendant. The limits are in substance these, that the state shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience or of *18 the opportunities for knowledge the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression”.
In a subsequent case the court amplified its philosophy in upholding an Oregon statute calling for a defendant to prove insanity beyond a reasonable doubt whenever he relies upon that defense. The court was aware that no other State in the Union placed such an austere burden upon an accused who asserts that defense, but concluded: "It is apparent that the jury might have found appellant to have been mentally incapable of the premeditation and deliberation required to support a first degree murder verdict of the intent necessary to find him guilty of either first or second degree murder, and yet not have found him to have been legally insane. Although a plea of insanity was made, the prosecutor was required to prove beyond a reasonable doubt every element of the crime charged, including, in the case of first degree murder, premeditation, deliberation, malice and intent” (Leland v Oregon, supra, p 794).
Turning to the entrapment defense, this court notes that it acts as a bar to convictions flowing from Certain types of improper police conduct. Much like the exclusionary rule, it serves as a means of preventing official conduct which society finds repugnant. The United States Supreme Court justified the defense with what it found to be a congressional intent not to enforce its statutes "by tempting innocent persons into violations” (Sherman v United States, 356 US 369, 372; see Sorrells v United States, 287 US 435, 448). New York’s entrapment statute adopts this policy.
None of the evils which the Mullaney court sought to eradicate exist where the entrapment defense is employed. That decision relied on the holding in Winship, to wit, "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged” (Matter of Winship, 397 US 358, 364).
In Mullaney, the statute drew a distinction between murder and manslaughter (p 698), "while refusing to require the prosecution to establish beyond a reasonable doubt the fact upon which it turns”. The presence or absence of entrapment, however, in no way affects the prosecution’s duty to prove beyond a reasonable doubt every element of the crime charged, for "conduct is not less criminal because the result of *19 temptation” (Sherman v United States, supra, p 380 [Justice Frankfurter, concurring]; see People v Bornholdt, 33 NY2d 75, p 85, supra; People v Laietta, 30 NY2d 68, 75, supra). In fact, the jury does not reach the entrapment question, unless it finds the defendant guilty beyond a reasonable doubt of all the elements of the crime before them.
Also, unlike in Mullaney, the shift of the burden of proof does not increase the chances of an erroneous conviction. Since the burden of proof of criminal sale of a controlled substance is left with the District Attorney in the instant case, the entrapment defense does not increase the possibility that an innocent man will be convicted or that one guilty only of a lesser crime will be sentenced as a more serious offender.
In view of the foregoing, this court holds that placing the burden of proof upon a defendant who raises the entrapment defense does not violate the due process clause, and, accordingly, section 40.05 of the Penal Law is constitutional.
Defendant’s motion to make entrapment an ordinary defense with the burden of disproving the same upon the People is denied.