140 N.J. Super. 28 (1976)
354 A.2d 713
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
JOHN LEE COOPER, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided February 6, 1976.
*30 Mr. Stephen Schueler for the State (Mr. James M. Coleman, Jr., prosecutor, attorney).
Mr. Timothy Hughes for defendant (Mr. William J. Gearty, Deputy Public Defender, Monmouth Region).
ARNONE, J.C.C., Temporarily Assigned.
After a jury trial defendant was convicted on January 20, 1976 of robbery (N.J.S.A. 2A:141-1) while armed (N.J.S.A. 2A:151-5).
The issue here is whether the conviction for the armed feature should be allowed to stand. No motion for acquittal on this charge has been filed by defendant pursuant to R. 3:18-2. Because the issue is a novel one and in the interest of securing a just determination, the court will relax that rule, see R. 1:1-2, and consider the issue on its own motion.
Considering the proofs adduced in the light most favorable to the State, the following was elicited at trial. See State v. Kluber, 130 N.J. Super. 336, 341-342 (App. Div. 1974).
Eyewitnesses to the crime testified that on November 16, 1974 defendant went into Smitty's Bar in Asbury Park and sat at the bar for almost an hour, drinking one beer. After ordering a second beer defendant stood up with his hand in his jacket pocket and said that it was a hold-up: "I mean it." He said he wanted the money and motioned with the hand in his pocket as if he had a gun. Defendant made the victim and two other patrons go to the bathroom and sit on the floor. He hit one of the patrons in the stomach and tied *31 his hands with a shoestring. On cross-examination these witnesses admitted that they never saw a gun.
The jury was charged as to the armed feature statute and, in the course of its deliberations, came back asking to be recharged on this count.
Later the jury came back with the following question: "Is the hand in a coat pocket held to appear like a weapon actually considered to be a gun under this statute?" The jury was told that they were the judges of the facts. In paraphrasing the statute, the jury was instructed that the statute covers any person who takes property of another when armed with a firearm or any dangerous weapon of any kind. The jury was told that they must be satisfied beyond a reasonable doubt that the State proved there was a gun or other dangerous weapon within the definition of the statute previously given them. Upon these instructions the jury returned a verdict of guilty on the robbery and the armed feature.
To resolve the instant issue requires a review of the history of the statute in question and a determination of its applicability to this factual situation.
One of the earliest statutory pronouncements of punishment for crimes is found in L. 1898, c. 235. A check of that statute reveals no additional punishment for the conviction of crime while armed.
Such a provision was not incorporated into our laws until 1927. L. 1927, c. 321, § 2 states:
Any person who shall commit or attempt to commit any assault, robbery, larceny, burglary, or breaking and entering, when armed with, or having in his possession, any revolver, pistol, or other firearm, or other instrument of any kind known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, dagger, dirk, dangerous knife, stiletto, bomb or other high explosive, shall, in addition to the punishment provided for the crime, be punished on a first conviction by imprisonment for not more than five years; upon a second conviction for a period of not more than ten years; upon a third conviction by imprisonment for a period of not more than fifteen years; upon a fourth or subsequent conviction, by imprisonment for life, or for an additional period of not more than *32 twenty years, in the discretion of the court; provided, however, the indictment or allegation shall aver that the person was armed with or had in his possession any such instrument and conviction is had thereon.
As of 1927, then, it is clear that to be convicted of the armed feature, a person must have actually possessed the weapon.
The law was further amended in 1959 by L. 1959, c. 148, § 1. That amendment added "machine guns," "automatic rifles" and "razors" to the list of specifically enumerated weapons. The law also added to the list
* * * or any object or device, whether toy or imitation, having an appearance similar to or capable of being mistaken for any of the foregoing.
In 1963 the statute was again amended by L. 1963, c. 160 to add firearms which eject "gas, vapor or other noxious thing."
The final amendment to this law came in 1966 by L. 1966, c. 60, § 4. This amendment added to the list of crimes for which the additional punishment was applicable the following:
* * * rape, murder, mayhem, arson, abduction, extortion, kidnapping, sodomy or treason, or [any person] who is a fugitive from justice. * * *
This amendment also added the following instrumentalities:
* * * knife as defined in Chapter 5 of the laws of 1952 (c. 2A: 151-62), * * * cestus, or similar band studded with metal for fitting on the knuckles, loose wool imbedded with metal filings, razor blades imbedded in wood slivers, handcuffs, iron claws, grenade. * * *
This final amendment contains what is now categorized as N.J.S.A. 2A:151-5.
Even a casual reading of the amendments over the years reveals a distinct legislative purpose: to add additional *33 punishment to the sentence of those offenders who perpetrate crimes either with dangerous weapons or by placing the victim in fear of the use of a dangerous weapon.
Assuming, arguendo, that defendant herein was only armed with his finger, can he be convicted of the armed feature?
The statute herein involved uses the word "bludgeon". Even if a bottle did not fit that definition, the Appellate Division found that "a bottle at the very least has the appearance of such a weapon." State v. Tims, 129 N.J. Super. 399, 404 (App. Div. 1974). From this it is clear that the statute contemplates punishment based on the victim's perception of what defendant had in his possession, rather than what he actually had. There can be no question here but that the witnesses believed the defendant had a gun. Defendant was, in fact, quite explicit in motioning as though he had a gun.
The court is mindful of the proposition that penal statutes are to be strictly construed. See State v. Rucker, 46 N.J. Super. 162, 167 (App. Div. 1957) certif. den. 25 N.J. 102 (1957). In construing such a remedial statute, however, the court must consider "the old law, the mischief, and the remedy." Harcum v. Greene, 111 N.J.L. 129, 131 (Sup. Ct. 1933). See also, Seatrain Lines, Inc. v. Medina, 39 N.J. 222, 226 (1963).
The early law provided no punishment for an armed feature. Over the years the Legislature saw a mischief, e.g., the perpetration of armed robberies, the gravest theft offense. See Perkins, Criminal Law (2 ed. 1969), at 285. The remedy for the crime was a greater sentence. The manifest intent of the Legislature is expressed by reading the statute as follows:
Any person who commits * * * robbery * * * when armed with * * * any object or device, whether toy or imitation, having an appearance similar to or capable of being mistaken for any of the foregoing [shall receive additional punishment]. (Emphasis supplied) *34 The statute intends to punish "a capacity for the mere threatening of harm." State v. Tims, supra, 129 N.J. Super. at 402.
There can be no doubt that a finger is an object, or that when placed in the pocket in the shape of a gun and combined with threatening words or gestures, such an object is capable of making a victim believe that defendant was armed. This is the very mischief for which the statute provided a remedy.
Aside from the manifest legislative intent as expressed by the statute as amended, there is a strong policy argument for additional punishment in a case such as this. To find as a matter of law that where a gun is not seen a defendant cannot be convicted of the armed feature is to allow all would-be armed robbers to keep a gun or other dangerous weapon concealed during the crime to be used only if needed. To read the statute in this light "would have the effect of placing it in the power of the transgressor to defeat the object and purpose of the law by evasion * * *". State v. Gratale Brothers, Inc., 26 N.J. Super. 581, 588 (App. Div. 1953). This sort of "unduly narrow" construction of a statute is not favored. See State v. Rucker, supra, 46 N.J. Super. at 167.
For all of the foregoing reasons, defendant's conviction of the armed feature, N.J.S.A. 2A:151-5, should stand.