Walter T. Gorman, J.
Defendant challenges the constitutionality of the affirmative defense to the crime of robbery in light of the Supreme Court holding in Mullaney v Wilbur (421 US 684).
In Mullaney the court struck down a Maine statute which required the defendant to prove by a fair preponderance of the evidence that he acted in the "heat of passion on sudden provocation” in order to reduce a felonious homicide from murder to manslaughter. Murder was punishable by life imprisonment, whereas manslaughter was punishable by a fine or imprisonment up to 20 years.
Two courts have applied the Mullaney rationale to New York’s homicide statute and found that the affirmative defense of acting "under the influence of extreme emotional disturbance” placed an unconstitutional burden upon the accused. These tribunals deleted the word "affirmative” from the statute to rectify the deficiency (People v Woods, 84 Misc 2d 301; People v Balogun, 82 Misc 2d 907). Another court held the, affirmative defense of entrapment did not violate due process. In its decision, that court distinguished entrapment because the prosecution’s duty to prove every element of the crime charged was not affected by reliance upon that defense (People v Long, 83 Misc 2d 14).
In New York a defendant who invokes an affirmative defense must establish it by a preponderance of the evidence in order to prevail (Penal Law, § 25.00, subd 2).
Where a participant in a robbery "[displays what appears to be a pistol * * * or other firearm,” the crime is elevated to robbery in the first degree — a B felony (Penal Law, § 160.15, subd 4). However, "it is an affirmative defense that such pistol * * * or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged”. Even by proving this defense, a defendant remains liable for the crime of robbery in the second degree — a C felony (Penal Law, § 160.10, subd 2, par [b]). The difference in maximum punishments for B and C *3 felonies is an additional 10 years’ imprisonment. Defendant Smith is charged with robbery in the first degree which, upon conviction, could result in a 25-year term of incarceration.
In effect, article 160 of the Penal Law presumes that a pistol displayed during a robbery is loaded and operable. The burden of rebutting that presumption rests with the defendant.
Robbery in both the first and second degrees contains the element of displaying a pistol. Proof by the People that an inoperable, unloaded or imitation pistol was utilized suffices for a second degree robbery conviction. The pistol must be loaded and operable to sustain a first degree robbery conviction. By imposing upon the defendant the duty of proving by a preponderance of the evidence that the weapon was unloaded or inoperable, the statute relieves the prosecution of proving that element of the crime beyond a reasonable doubt. This requirement offends due process and, accordingly, is unconstitutional.
The court recognizes the presumption of validity surrounding a statute and the high degree of proof needed to overcome the same. Furthermore, as a court of original jurisdiction, it is always reluctant to disturb the legislative will (see McKinney’s Cons Laws of NY, Book 1, § 150, subds a, b). However, after much reflection, no alternative is found. The statute cannot pass constitutional muster and to refer resolution of the issue to the appellate courts would gravely and improperly jeopardize the defendant at trial. He would be forced to gamble on getting an acquittal on a B felony, or to settle for a C felony conviction by showing that the gun was unloaded or inoperable.
In Mullaney, supra, p 698, the statute draws a distinction between murder and manslaughter, "while refusing to require the prosecution to establish beyond a reasonable doubt the fact upon which it turns”. Here, too, the New York Legislature defined separate degrees of robbery without mandating that the People show "the fact upon which it turns”. As in Mullaney, the punishments for the two different crimes vary greatly. An accused would face the 25-year permissible sentence for robbery in the first degree "when the evidence indicates that it is as likely as not that he deserves a significantly lesser sentence” (p 703).
The court cannot accept the reasoning of People v Player (80 Misc 2d 177) which reached the opposite result. It should *4 be noted that in Player the court ruled without the benefit of the subsequently decided Mullaney case.
Defendant seeks to have the robbery in the first degree count dismissed. However, a more appropriate remedy is to change the wording in subdivision 4 of section 160.15 of the Penal Law from "it is an affirmative defense” to "it is a defense” (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd d). Thus, at trial the People shall be required to show beyond a reasonable doubt that the firearm displayed was loaded and operable. Otherwise, assuming the other elements of that subdivision of the robbery statute are proven, the defendant only can be found guilty of robbery in the second degree.
In view of the foregoing, the application is granted to the extent indicated.