173 N.J. Super. 140 (1980)
413 A.2d 643
STATE OF NEW JERSEY, PLAINTIFF,
v.
RONALD E. RINES, DEFENDANT.
Superior Court of New Jersey, Law Division  Mercer County.
Decided February 28, 1980.
Hal K. Haveson, Assistant Prosecutor, for the State (James F. Mulvihill, Acting Mercer County Prosecutor, attorney).
J. Stewart Husid, Assistant Public Defender, for defendant (Stanley C. Van Ness, Public Defender, attorney).
LEVY, J.S.C.
This issue in this case is whether a person indicted for being armed with a firearm while committing a robbery under N.J. *141 S.A. 2A:151-5 can be convicted after the effective date of the New Jersey Code of Criminal Justice (Code) if he was "armed" with a toy pistol. This court concludes he may not because N.J.S.A. 2C:15-1 b evidences a change in legislative intent.
Defendant was indicted for robbing a bank on May 17, 1979 and charged in three separate counts with robbery (N.J.S.A. 2A:141-1), with being armed with a firearm while committing a robbery (N.J.S.A. 2A:151-5) and with demanding money by menaces, force or violence with intent to rob (N.J.S.A. 2A:90-3). Defendant waived trial by jury in accordance with R. 1:8-1(a) and was found guilty of counts 1 and 3 by the court.
The State proved that on May 17, 1979 defendant entered the First National State Bank of Central Jersey and sat down at a bank officer's desk. After first inquiring into the possibility of opening an account at the bank, defendant opened his coat to expose what the bank officer thought was the barrel of a pistol. He demanded that the confronted employee give him money, and she being frightened, proceeded to a teller's window and instructed the teller to give defendant whatever cash there was. Defendant took the money and fled. He was identified through the bank's cameras and was arrested one week later. He admitted the robbery and told the police where he had hidden the weapon; the State stipulates it was a toy pistol.
There is no doubt that defendant is guilty of robbery and, without considering the effect of the Code, he would clearly be guilty of committing a robbery while armed. N.J.S.A. 2A:151-5 permits an increased penalty for committing a robbery while armed with a firearm, whether or not it is capable of being discharged, or while armed with any device, even a toy, which is capable of being mistaken for a firearm. See State v. Tims, 129 N.J. Super. 399, 402 (App.Div. 1974), certif. den. 66 N.J. 326 (1974). Indeed, it has been held that one can be guilty of being armed by directing a bulge in one's pocket at the victim, because the evil contemplated by this statute is the possession of a device *142 having the capacity for the mere threatening of harm. See State v. Brewer, 142 N.J. Super. 70, 76 (App.Div. 1975), aff'd o.b. 70 N.J. 329 (1976). It has also been said that this statute "contemplates punishment based on the victim's perception of what defendant had in his possession, rather than what he actually had." See State v. Cooper, 140 N.J. Super. 28, 33 (Law Div. 1976), rev'd on other grounds 165 N.J. Super. 57, 67 (App.Div. 1979).
But N.J.S.A. 2A:151-5 was repealed by the Code and replaced by N.J.S.A. 2C:15-16 which permits the penalty to be enhanced if the actor was armed. The language of this statute is more limited than its predecessor as concerns an actor who "is armed with, or uses or threatens the immediate use of a deadly weapon." A "deadly weapon" is defined in N.J.S.A. 2C:11-1c as:
... any firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used, is known to be capable of producing death or serious bodily injury.
This clear language deals with the objective use of the device rather than the subjective reaction of the victim. Under the Code a toy pistol cannot be a deadly weapon unless it is used in a manner which can cause death or great bodily harm. A weapon "known to be capable of producing" such a result is one which, when used as ordinarily expected in light of its construction and design, will cause death or serious bodily injury. See State v. Luckey, 69 Ohio Ops.2d 111, 322 N.E.2d 354 (Ct.App. 1974); cf. State v. Smallwood, 346 A.2d 164 (Del.Sup.Ct. 1975). Other states look to the subjective view of the victim, but in most of those states the statute expressly permits this or the courts are concerned with the distinction between a "dangerous" or "offensive" weapon and a "deadly" weapon. See Annotation, "Robbery by means of toy or simulated gun or pistol," 81 A.L.R.3d 1006 (1977); State v. Cooper, supra.
*143 Where the actor, as here, merely shows part of the toy pistol to the victim in order to convince the victim to turn her property over to him, but does not use it or threaten to use it as a bludgeon, he is not armed with a deadly weapon. Rather, the actor has only threatened the bank's employees with, or made them afraid of, immediate bodily injury while he was committing a theft. Such conduct is proscribed by N.J.S.A. 2C:15-1a(2), but it is not a crime of the first degree under the grading scheme of N.J.S.A. 2C:15-16.
This conclusion is supported by the legislative history of the Code. The Model Penal Code contains almost the same definition of robbery as our Code, but it does not, per se, make robbery a crime of the first degree if the actor was armed with or threatened use of a deadly weapon. The commissioners commented that the clause proscribing conduct which "threatens another with or purposely puts him in fear of immediate serious bodily injury" includes the use of a toy pistol used to menace or recklessly injure the victim of the robbery.[1]
In 1971 the New Jersey Criminal Law Revision Commission expanded the grading scheme by adding two phrases:
[Robbery is a crime of the first degree if the actor] is armed with a deadly weapon, or uses or threatens the immediate use of a dangerous instrument.
These words were taken from the New York Penal Code, § 160.15. See 1 N.J. Penal Code: Report and Penal Code 70, § 2C:19-1(b) (1971). What was not adopted from that section of the New York code was another aggravating factor supporting a first degree conviction. That factor concerns a participant in the robbery who:

*144 Displays what appears to be a pistol ...; except that in any prosecution under this subdivision, it is an affirmative defense that such pistol ... was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged. [23 N.Y.C.L.S. Penal Law § 160.15(4).[2]]
Thus the New York Legislature recognized that the use of a toy gun was not prohibited by either of the other two phrases which New Jersey later adopted.
The authors of the Model Penal Code were aware of the New York system of grading robbery, and they also considered the grading schemes of California, Louisiana and Wisconsin. See Model Penal Code, supra at 69. The statutes of those three states each enhance the penalty for robbery when the offender is armed with a dangerous or deadly weapon.
Louisiana defines a dangerous weapon as an "instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm." La.R.S. 14:2(3). Its courts have held that the subjective reaction of the victim does not determine whether or not the object in question was a dangerous weapon. Louisiana requires the trier of fact to base its decision on the manner the instrumentality was actually used and not on whether a victim believed the weapon to be dangerous. See State v. Bonier, 367 So.2d 824 (La.Sup.Ct. 1979). And, under a statutory scheme similar to the New Jersey Code, Louisiana held that a hand in a pocket coupled with a verbal threat to shoot the victim during a robbery was not a dangerous weapon. See State v. Elam, 312 So.2d 318 (La.Sup.Ct. 1975).
In New Jersey it can no longer be said that mere possession of a toy gun supports a conclusion that the actor was armed with a *145 deadly weapon. If Ronald Rines had committed this crime after September 1, 1979, he would have only been subjected to penalties applicable to a crime of the second degree. N.J.S.A. 2A:151-5, a statute having the same purpose as the grading scheme of N.J.S.A. 2C:15-16, should not be implemented here. Therefore, having been presented with a completed trial on count two of the indictment, the court finds the defendant not guilty. Cf. N.J.S.A. 2C:1-1(c)(3).
NOTES
[1] But if a toy was used to attempt to kill or seriously injure that victim, the offense would be of the first degree because those were the circumstances specified in the section on grading robbery. See Model Penal Code § 222.1, Comments at 71 (Tent. Draft No. 11, 1960).
[2] This has been modified from "an affirmative defense" to a "a defense." See People v. Smith, 85 Misc.2d 1, 380 N.Y.S.2d 569 (Sup.Ct. 1976).