177 N.J. Super. 105 (1981)
425 A.2d 695
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES MAGWOOD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 23, 1980.
Decided January 12, 1981.
Before Judges MICHELS, ARD and FURMAN.
Stanley C. Van Ness, Public Defender, attorney for appellant (Jane Ellen Haburay, Assistant Deputy Public Defender, of counsel and on the letter brief).
John J. Degnan, Attorney General, attorney for respondent (Carol M. Henderson, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by FURMAN, J.S.C. (temporarily assigned).
*106 Defendant appeals from the denial of his motion for a resentence by the resentencing panel constituted by the Supreme Court to hear and determine motions under N.J.S.A. 2C:1-1(d)(2).
Before the resentencing panel defendant contended that the crime of which he was convicted, armed robbery of a bank in violation of N.J.S.A. 2A:141-1 and of N.J.S.A. 2A:151-5, had been eliminated in the Code of Criminal Justice and that he was entitled to be resentenced to a maximum term of ten years for second degree robbery under N.J.S.A. 2C:15-1, a reduction of two years from the maximum term of twelve years to which he was sentenced for armed robbery, under the factual circumstance that only a starter's pistol or toy pistol was wielded in the bank robbery by defendant and his accomplice.
On appeal the State concedes that a starter's pistol or toy pistol is not within the definition of "deadly weapon" in N.J.S.A. 2C:11-1(c) and that defendant could not have been convicted of first degree robbery under N.J.S.A. 2C:15-1 for possession of a starter's pistol or its use as a threat to be fired (not, for example, as a bludgeon) during commission of the bank robbery. State v. Pines, 173 N.J. Super. 140 (Law Div. 1980) is in accord.
The burden of proof rested with defendant to establish his entitlement to a resentence under N.J.S.A. 2C:1-1(d)(2). State v. Johnson, 176 N.J. Super. 1 (App.Div. 1980). In our view, defendant failed to meet that burden of proof.
Defendant pleaded guilty on a retraxit plea to armed robbery under N.J.S.A. 2A:141-1 and N.J.S.A. 2A:151-5. He was subject to the increased penalty for commission of robbery while armed, even though armed with a toy or imitation pistol incapable of being discharged. State v. Tims, 129 N.J. Super. 399, 402 (App.Div. 1974), certif. den. 66 N.J. 326 (1974); State v. Jones, 160 N.J. Super. 146, 148 (App.Div. 1978).
Whether the weapon wielded by defendant or his accomplice was an operable firearm or a starter's pistol or other imitation *107 firearm was not factually resolved at any stage of defendant's prosecution for armed robbery. Transcripts of defendant's plea and sentence are part of the record on appeal but were not supplied by defendant to the resentencing panel.
At the taking of his plea defendant stated that his accomplice was armed with a .22 caliber blank pistol. At sentencing defendant's attorney asserted that a toy pistol was used. Apparently he urged this as a mitigating factor with the recognition that defendant was guilty of armed robbery under N.J.S.A. 2A:151-5, even though not armed with a weapon capable of being discharged.
Contrary to these representations, defendant gave a statement to the Federal Bureau of Investigation, while in custody subsequent to his arrest, that his accomplice was armed with a handgun.
The resentencing panel, in denying defendant's motion, stated that it was not "satisfied that at the time of the robbery ... the weapon used was in fact a toy gun." That conclusion was reasonably reached on sufficient credible evidence in the record and should not be disturbed. State v. Johnson, 42 N.J. 146, 162 (1964).
We affirm.