STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. IRBY BUTLER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 17, 1981—Decided April 7, 1981.

206

Before Judges BOTTER, KING and McELROY.

*Stanley C. Van Ness,* Public Defender of New Jersey, for appellant (*Andrea R. Grundfest,* Assistant Deputy Public Defender, of counsel).

*John J. Degnan,* Attorney General of New Jersey, for respondent (*Daniel Louis Grossman,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

KING, J. A. D.

This case presents the issue of whether the simulated use of a handgun during a robbery is a crime of the first or second degree under the Code of Criminal Justice, effective September 1, 1979. The pertinent statute states:

> Robbery is a crime of the second degree, except that it is a crime of the first degree if in the course of committing the theft the actor attempts to kill anyone or purposely inflicts or attempts to inflict serious bodily harm, or is armed with or uses *or threatens the immediate use of a deadly weapon.* [*N.J.S.A.* 2C:15–1(b); emphasis supplied]

A crime of the first degree is punishable by a term of "between 10 years and 20 years." *N.J.S.A.* 2C:43–6(a)(1). A crime of the second degree is punishable by a term of "between 5 years and 10 years." *N.J.S.A.* 2C:43–6(a)(2).

In this case defendant pleaded guilty to an accusation charging him with "robbery upon Lisa Lusardi while threatening to use a deadly weapon." In exchange for the guilty plea the State agreed to recommend not more than a 12-year maximum term. At entry of the guilty plea defendant said he had his hand in his pocket simulating a handgun when he held up the victim and took her purse at the parking lot of the Monmouth Mall. In the presentence report the victim describes her perception of the criminal episode:

> Lisa stated that she was doing last minute Christmas shopping and the mall was quite empty because it was late. She had parked her car on the lot and was walking towards Alexander's when she noticed this guy who seemed to be coming toward her. She said she tried to avoid him but it was impossible. He

then came up to her, grabbed her arm with one hand and had his other hand under his coat and she was frightened because she believed he had a gun.

Defendant's counsel in the Law Division apparently conceded that defendant's conduct constituted a crime of the first degree. Defendant received a 12-year term, concurrent with other prison terms not pertinent to the present question.

On this appeal defendant contends that his 12-year maximum sentence was illegal and should be modified to a 10-year maximum because he was not guilty of a crime of the first degree. Despite his guilty plea we conclude that plaintiff has a right on appeal to raise the absence of "a factual basis for the plea" as reversible error. R. 3:9–2; see State v. Taylor, 80 N.J. 353, 362 (1979); State v. Nichols, 71 N.J. 358, 361 (1976).

A reported opinion of the Law Division has reached the conclusion that the use of a toy pistol to effectively simulate a deadly weapon is not a crime of the first degree under N.J.S.A. 2C:15–1(b). State v. Rines, 173 N.J.Super. 140 (1980).[1] Under our criminal laws in effect prior to September 1, 1979 the use of a toy weapon capable of being mistaken for a real firearm or the simulation of the use of a handgun by gesture was sufficient to convict for armed robbery, thereby enhancing the potential punishment for the crime of robbery. N.J.S.A. 2A:151–5; State v. Brewer, 142 N.J.Super. 70, 76 (App.Div.1975), aff'd o. b. 70 N.J. 329 (1976); State v. Cooper, 140 N.J.Super. 28, 33 (Law Div. 1976), rev'd on other grounds 165 N.J.Super. 57, 67 (App.Div.), app. dism. 81 N.J. 261 (1979). The statute which enhanced punishment for commission of armed felonies prior to September 1, 1979 specifically enumerated many different types of weapons, including firearms, and specifically encompassed "whether toy or imitation, [those weapons] having an appearance similar to or capable of being mistaken for any of the foregoing." N.J.S.A. 2A:151–5. Under the prior criminal laws

---

[1]The issue was touched upon but not resolved by this court in State v. Magwood, 177 N.J.Super. 105 (App.Div.1981).

the punishment for robbery by the simulation of a handgun was enhanced from a maximum of 15 years to a maximum of 25 years. *N.J.S.A.* 2A:141–1. The present Criminal Code lacks such specificity in respect of toy or simulated weapons. "Deadly weapon" is defined more generically in the new Code of Criminal Justice as follows:

"Deadly weapon" means any firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used, is known to be capable of producing death or serious bodily injury. [*N.J.S.A.* 2C:11–1(c)]

This definition is specifically made applicable to Chapter 15, "Robbery," "unless a different meaning plainly is required." *Ibid.* Defendant urges upon us the argument which prevailed in *State v. Rines, supra, i. e.*, that the new statutory scheme under *Title* 2C "deals with the objective use of the device rather than the subjective reaction of the victim." *Id.*, 173 *N.J.Super.* at 142. He contends that since he possessed no deadly weapon within the definition of *N.J.S.A.* 2C:11–1(c) he cannot be guilty of the aggravated first degree form of robbery by "threaten[ing] the immediate use of a deadly weapon" within the meaning of *N.J.S.A.* 2C:15–1(b). We disagree.

■ We are not persuaded that the Legislature in enacting 1979 Code of Criminal Justice intended to shift the emphasis from the subjective perception of the victim to the objective capability of the criminal assailant, thereby reducing the maximum sentence exposure from 25 to 10 years. *N.J.S.A.* 2C:15–1(b) sets forth in the alternative the factors which enhance robbery from a second degree offense to a first degree offense. The enhancement occurs when "in the course of committing the theft the actor

[1] attempts to kill anyone, or

[2] purposely inflicts or attempts to inflict serious bodily injury, or

[3] is armed with, or

[4] uses or

[5] Threatens the immediate use of a deadly weapon." [*Ibid.*]

The elements are independent and disjunctive. Satisfaction of any one of the five criteria is sufficient to constitute the

aggravated form of the offense. Here, by defendant's own admission and by the victim's explicit perception the immediate use of a handgun was both threatened and apprehended during the course of the robbery. We place emphasis on the words *threatens the immediate use* rather than upon actual possession of a deadly weapon. We do not read this phrase as mere surplusage to the antecedent phrase encompassing actual use of a deadly weapon in a robbery. We read the phrase as a legislative expression of an alternate to actual use of a deadly weapon. It is the "threatened" use, not the actual use, which is prohibited by the final phrase of subsection (b). The statutory language seems clear on its face without resort to extrinsic aids of murky legislative history.

We find *N.J.S.A.* 2C:15–1(b) to be plain and clear. This principle obtains:

> In every case involving the application of a statute, it is the function of the court to ascertain the intention of the Legislature from the plain meaning of the statute and to apply it to the facts as it finds them, *Carley v. Liberty Hat Mfg. Co.*, 81 *N.J.L.* 502, 507 (E. & A. 1910). A clear and unambiguous statute is not open to construction or interpretation, and to do so in a case where not required is to do violence to the doctrine of the separation of powers. Such a statute is clear in its meaning and no one need look beyond the literal dictates of the words and phrases used for the true intent and purpose in its creation. [*Watt v. Franklin*, 21 *N.J.* 274, 277 (1955)]

Moreover, the Legislature in the Criminal Code's "Rules of Construction" section manifested a desire for continuity with the past in the criminal law field where not inconsistent with express provisions of *Title* 2C when it said: "The provisions of the code not inconsistent with those of prior laws shall be construed as a continuation of such laws." *N.J.S.A.* 2C:1–1(e). A substantial number of our sister jurisdictions follow the so-called "subjective view" that "the successful simulation of a gun so that the victim reasonably believed that there was a gun" is sufficient to support a conviction for aggravated or armed robbery. Annotation, "Robbery By Means of Toy Gun," 81 *A.L.R.*3d 1006, 1055 (1977); *see, also, id.* at 1027. Others do not. *Id.*, at 1020. We conclude from the plain language of the

statute and the express desire for continuity with past law that our Legislature intended the former course.

We find defendant's remaining contention that his sentences were, in the aggregate, "manifestly excessive and an abuse of the trial court's discretion," clearly without merit. *R.* 2:11–3(e)(2); *State v. Whitaker,* 79 *N.J.* 503, 512–517 (1979).

Affirmed.